**Sun Cha BYRD, Plaintiff-Appellant,**

v.

**Tommy CLARK, Clifford Black, Larry Collins, Joey Whitley, Drew Solomon, and the City of Fitzgerald, Georgia, Defendants-Appellees.**

**No. 84–8175.**

United States Court of Appeals, Eleventh Circuit.

March 3, 1986.

G.G. Joseph Kunes, Jr., Tifton, Ga., for plaintiff-appellant.

James V. Davis, Richard D. Hall, Albany, Ga., Robert E. Sherrell, Fitzgerald, Ga., for defendants-appellees.

Before VANCE and ANDERSON, Circuit Judges, and PITTMAN *, Senior District Judge.

PITTMAN, Senior District Judge:

Plaintiff Sun Cha Byrd, an American citizen of Korean origin, brought this action against several officers of the City of Fitzgerald, Georgia, its Chief of Police and the City of Fitzgerald, Georgia, itself, pursuant to the Civil Rights Acts, 42 U.S.C. 1981 *et seq.* She alleges constitutional deprivations at the hands of these officers, committed pursuant to a conspiracy to deprive her of her civil rights. It is also alleged that the City failed to properly train or supervise these officers. The district court granted motions for summary judgment of the defendants except that of Officer Black. The motion of Officer Black was granted in part and denied in part. The motion was granted insofar as plaintiff's complaint was based on events occurring on January 8, 1982, and denied insofar as the complaint was based upon events occurring on January 9, 1982. The court then dismissed the complaint against Black, without prejudice to her right to file her complaint in an appropriate state forum, stating "this is simply a tort action for which an adequate common-law remedy is fully available ... in the state courts." Record at 219. Plaintiff Byrd filed a tort action against Black in the Superior Court of Ben Hill County, Georgia. She appeals the entry of summary judgment in favor of all defendants concerning the January 8 incident, and the dismissal of her complaint against defendant Black.

Byrd raises these issues on appeal: (1) whether the district court erred in granting summary judgment in favor of all defendants concerning the January 8 incident, and (2) whether the district court erred in dismissing plaintiff's complaint against defendant Black, without prejudice to her right to file her complaint against him in an appropriate state forum.

* Honorable Virgil Pittman, Senior U.S. District Judge for the Southern District of Alabama, sitting by designation.

## BACKGROUND

This appeal arises out of two separate, but related encounters between the plaintiff and officers of the Fitzgerald, Georgia Police Department.

In the late afternoon of January 8, 1982, Drew Solomon, Chief of Police of the City of Fitzgerald, was returning to Fitzgerald by automobile from a trip to a nearby town. As he approached Fitzgerald he observed an automobile weaving in the highway in front of him to such an extent that he was unable to pass it. When he reached a point about a half mile or so from the city limits, he radioed the police station in Fitzgerald and instructed that the automobile be investigated. He continued to observe the erratic driving of the automobile.

When the call was received at headquarters, Clifford Black, a patrolman, and Larry Collins, a patrolman accompanying Black, responded to the call. They had been given a description of the automobile and, based on that description, Black and Collins intercepted the automobile. They, too, observed it to be driven in an erratic manner. The plaintiff was asked to enter the police car to be taken to the police station for a breath test. Black then drove the plaintiff to the station in the police vehicle and Collins drove her car to the station. Black delivered the plaintiff into the custody of Captain Clark, a police officer, and since it was the end of Black's shift, he did not see her again that day.

Captain Clark administered the breath test to the plaintiff and when the test proved to be negative, the plaintiff was released.

Plaintiff complains that the defendants lacked probable cause to stop and detain her, and that her car and handbag were illegally searched. She further contends that this was done pursuant to a conspiracy wherein her civil rights were denied because of her Korean national origin. The defendants respond that there was ample evidence to support a finding that they

were entitled to stop plaintiff's vehicle and to investigate whether she was driving under the influence. Each defendant denies that he participated in any search of plaintiff's vehicle or effects. Each also denies that he knew the plaintiff before this incident and argues that this negates any allegation of conspiracy by them. The January 8 incident was the only contact between the plaintiff and defendants Clark, Collins, and Solomon.

On the next day, Saturday, January 9, plaintiff returned to the police station and had a conversation with Officer Black. That conversation became heated and ultimately resulted in plaintiff's arrest and incarceration by Officer Black for the offenses of disorderly conduct and resisting arrest.

As a result of the scuffle with Black, plaintiff alleges that she suffered injuries to her hip and shoulder. The shoulder injury required surgery to repair.

Plaintiff complains that this arrest by Black was without probable cause and was effectuated by the use of excessive force. She seeks damages from Black based upon alleged violations of the fourth and fourteenth amendments arising out of the arrest. She also seeks damages from Officer Joey Whitley for his failure to intervene in the alleged beating at the hands of Officer Black. She further alleges that the alleged beating would not have occurred but for Chief Solomon's failure to properly train and supervise his subordinate officers, and that Solomon's failure to train and supervise the officers is a custom or policy under which the City can be held liable under *Monell v. Department of Social Services,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). The defendants respond that Black's use of force was reasonable under the circumstances, thereby shielding both Black and Whitley from Section 1983 liability.

### JANUARY 8, 1982

A review of the record amply supports the conclusion that Officers Black and Collins were justified in stopping plaintiff's vehicle on the afternoon of January 8, 1982. Black, Collins and Chief Solomon all testified in their depositions that they observed plaintiff's vehicle weaving on the highway. The plaintiff, herself, admits driving erratically, though she says that she was trying to locate a noise in her car. That evidence establishes sufficient cause under the Georgia Implied Consent Law for the officers to bring the plaintiff in for a breath test. Given the finding of probable cause to stop and detain plaintiff Byrd, we find that the officers would have been justified in conducting a search under either the "search incident to arrest" or inventory search exceptions to the general requirement of having a search warrant to conduct a search. *See United States v. Richards,* 638 F.2d 765, 770 (5th Cir.) *reh'g denied,* 646 F.2d 962, *cert. denied,* 454 U.S. 1097, 102 S.Ct. 669, 70 L.Ed.2d 638 (1981).

There was no evidence to support the conspiracy allegation.

The plaintiff complains of no mistreatment on this occasion. The district court properly entered summary judgment in favor of all defendants to the extent that plaintiff's complaint is based on the January 8 incident.

### JANUARY 9, 1982

The January 9 incident stands on a different footing. The district court properly noted the existence of a triable issue of fact on the question of the use of excessive force by Officer Black in effectuating plaintiff's arrest, and properly denied Black's motion for summary judgment. The district court's dismissal of plaintiff's complaint based on the existence of an adequate state remedy conflicts with this court's decision in *Gilmere v. City of Atlanta,* 774 F.2d 1495 (11th Cir.1985) (en banc).

In *Gilmere,* this court addressed the question of whether the existence of a parallel state law tort remedy precludes all Section 1983 actions based on the alleged use of excessive force by a police officer. After reviewing the legislative history of

Section 1983, the Supreme Court's pronouncements in other cases, as well as the limits set by the Court in *Parratt v. Taylor*, 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981), the en banc court concluded that the existence of a parallel tort remedy does not automatically preclude a plaintiff from asserting substantive due process violations directly in federal court under Section 1983. *Gilmere*, 774 F.2d, at 1498.

In order to sustain the district court's dismissal of plaintiff's claim, this court must find, as a matter of law, that the defendant's conduct did not rise to the level of a constitutional tort.

■ The district court certainly was correct in recognizing that not every injury inflicted by a law enforcement official constitutes a violation of the fourteenth amendment. "Not every push or shove, even if it may seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights." *Johnson v. Glick*, 481 F.2d 1028, 1033 (2d Cir.) *cert. denied*, 414 U.S. 1033, 94 S.Ct. 462, 38 L.Ed.2d 324 (1973). Some state-inflicted injury is so minor as to occasion a tort claim, rather than a constitutional violation. In order to recover under Section 1983, a plaintiff must show that the injury inflicted rose to the level of a constitutional tort, i.e., that the conduct complained of was so egregious as to exceed the boundaries of wrongful injuries redressable under tort law and which deprived the victim of a fourteenth amendment liberty interest without due process of law. *Baker v. McCollan*, 443 U.S. 137, 99 S.Ct. 2689, 61 L.Ed.2d 433 (1979); *Shillingford v. Holmes*, 634 F.2d 263, 265 (5th Cir.1981) (Unit A).

The test in this circuit is that first enunciated in *Johnson v. Glick*, 481 F.2d at 1033. *Gilmere v. City of Atlanta*, 774 F.2d at 1501; *Williams v. Kelley*, 624 F.2d 695, 697 (5th Cir.1980).

In determining whether the constitutional line has been crossed, a court must look to such factors as the need for the application of force, the relationship between the need and the amount of force that was used, the extent of injury inflicted, and whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm. 481 F.2d at 1033.

■ This case comes to us in a summary judgment posture. In reviewing a decision granting or denying summary judgment, this court applies the same legal standards as those which control the district court in determining whether summary judgment is appropriate. *Impossible Electronics Techniques, Inc. v. Wackenhut Protective Systems, Inc.*, 669 F.2d 1026, 1030 (5th Cir. 1982) (Former Fifth Circuit case). The party seeking summary judgment bears the exacting burden of demonstrating that there is no actual dispute as to any material fact in the case. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 147, 90 S.Ct. 1598, 1602, 26 L.Ed.2d 142 (1970). In assessing whether the movant has met his burden, the court should view the evidence in the light most favorable to the party opposed to summary judgment, and all reasonable inferences should be resolved in his favor. *Impossible Electronics*, 669 F.2d at 1031. Put another way, as against the defendant's Rule 56 motion, plaintiff's evidence is not without material dispute and with that standard in mind, we find that the district court erred in dismissing plaintiff's complaint. Plaintiff's evidence shows that while there may have been justification for the defendant's use of force against her, she places this in dispute. There is a dispute as to whether the force was applied after she ceased to resist the officer. There is evidence that plaintiff suffered injuries sufficiently serious to warrant surgery on her shoulder. While the severity of an injury is not the determinative factor in assessing whether or not a constitutional violation has occurred, it is certainly probative of the amount of force used. *Norris v. District of Columbia*, 737 F.2d 1148, 1157 (D.C.Cir.1984) (Doyle, D.J. concurring).

■ From the severity of an injury, it would be permissible for a jury to infer

that substantial force was applied to the plaintiff. Whether that force was constitutionally excessive under these facts, is for the jury to determine.

We hold therefore that the district court erred in dismissing plaintiff's complaint against Officer Black concerning the use of excessive force by that defendant against the plaintiff on January 9, 1982. We reverse and remand to the district court with instructions to reinstate that portion of plaintiff's complaint which alleges the use of excessive force against the plaintiff on January 9, 1982.

## LIABILITY FOR NON–INTERVENTION

One issue raised by the plaintiff which was not directly addressed by the trial court is the question of Officer Whitley's liability, *vel non*, for his failure to intervene in the encounter between the plaintiff and Officer Black. In granting Whitley's motion for summary judgment, the lower court failed to consider this potential source of liability for this defendant.

█ If a police officer, whether supervisory or not, fails or refuses to intervene when a constitutional violation such as an unprovoked beating takes place in his presence, the officer is directly liable under Section 1983. *Bruner v. Dunaway*, 684 F.2d 422, 426 (6th Cir.1982), *cert. denied*, 459 U.S. 1171, 103 S.Ct. 816, 74 L.Ed.2d 1014 (1983); *Putman v. Gerloff*, 639 F.2d 415, 423 (8th Cir.1981); *Harris v. Chanclor*, 537 F.2d 203, 206 (5th Cir.1976). In the leading case on the duty to intervene, *Byrd v. Brishke*, 466 F.2d 6 (7th Cir.1972), the Seventh Circuit stated:

> We believe it is clear that one who is given the badge of authority of a police officer may not ignore the duty imposed by his office and fail to stop other officers who summarily punish a third person in his presence or otherwise within his knowledge. That responsibility obviously obtains when the nonfeasor is a supervisory officer to whose direction the misfeasor officers are committed. So, too, the same responsibility must exist as to nonsupervisory officers who are present at the scene of such summary punishment, for to hold otherwise would be to insulate nonsupervisory officers from liability for reasonably foreseeable consequences of the neglect of their duty to enforce the laws and preserve the peace.

*Id.* at 11.

█ There is evidence that Officer Whitley was present during the encounter between the plaintiff and defendant Black. We vacate the entry of summary judgment in favor of defendant Whitley and instruct the district court, if upon remand, should it determine that Officer Black violated plaintiff's constitutional rights by inflicting an unprovoked beating upon her, the district court should determine whether or not Officer Whitley was in a position to intervene in such a beating.

## THE SECTION 1985 CONSPIRACY CLAIM

Plaintiff contends that the defendants conspired against her on account of her Korean national origin. In support of this allegation, plaintiff states that there was a significant amount of interaction among all the defendants concerning the plaintiff, that her appearance and speech easily reflect her background, and that none of the defendants are of Korean national origin.

█ In order to recover under 42 U.S.C. Section 1985(3), the plaintiff must allege and prove (1) a conspiracy; (2) for the purpose of depriving, directly or indirectly, any person or class of persons of the equal protection of the laws or of equal privileges and immunities under the laws; (3) an overt act in furtherance of the object of the conspiracy; and (4) that the plaintiff (a) was injured in his person or property, or (b) was deprived of having and exercising any right or privilege of a United States citizen. *Griffin v. Breckenridge*, 403 U.S. 88, 102–03, 91 S.Ct. 1790, 1798, 29 L.Ed.2d 338 (1971). The language of Section 1985 which requires an intent to deprive one of equal protection or equal privileges and immunities means that there must be some

racial or otherwise class-based invidiously discriminatory animus behind the conspirators' action. *Id.* at 102, 91 S.Ct. at 1798.

■ The record before the court shows that plaintiff sufficiently alleges a cause of action under Section 1985(3). However, once the defendants moved for summary judgment, the plaintiff may not rest upon the allegations of her complaint, but rather must set forth specific facts showing that there is a genuine issue for trial. Fed.R. Civ.P. 56.

Here the defendants set forth by deposition that none of them knew the plaintiff prior to these occurrences, and deny being involved in any conspiracy against her. Plaintiff does not seriously dispute these facts and admitted in her deposition that she does not contend that there was an actual conspiracy. Byrd deposition, pp 23, 53–54. There is no evidence of concerted action, nor are there any facts from which a conspiracy can be inferred.

Neither does the record reflect any racial or class-based animus against the plaintiff. The mere fact that the defendants acted knowing of plaintiff's Korean national origin does not alone suffice to prove racial bias.

Given the lack of evidence on these two elements of plaintiff's Section 1985 claim, we hold that summary judgment was properly entered in favor of all defendants on that claim.

### DEFENDANTS SOLOMON AND CITY OF FITZGERALD

■ Plaintiff's action against these defendants will prevail only if a causal link is established between an official policy or custom and the plaintiff's injury. *Monell v. Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). There can be no liability on the part of these defendants based on the theory of respondeat superior. *Id.*

The record shows no evidence of any city ordinance, policy, practice or custom, either express or implied, in the City of Fitzgerald which contributed to any alleged violation of plaintiff's constitutional rights. There is no evidence that the City participated, had knowledge of, or breached any legal duty in any way with regard to any actions which may have been taken by the Chief of Police or by the officers under his command.

■ Likewise, as to Chief Solomon, there is no evidence that he entered into any conspiracy with any of the other defendants or with anyone else to deprive the plaintiff of any constitutional right. There is no showing but that he requested or ordered that plaintiff be stopped and checked for driving under the influence after he observed her weaving in the road. There is also no showing that Solomon as a supervisory police officer either participated in or had knowledge of or was negligent with regard to any of the actions of his men. For those reasons, the judgment of the district court as to these defendants is affirmed.

### CONCLUSION

The district court erred in dismissing plaintiff's complaint inasmuch as it is based on allegations of the use of excessive force by defendant Black. The case is REMANDED with instructions to reinstate plaintiff's complaint against Black. Entry of summary judgment in favor of defendant Whitley is VACATED and REMANDED with instructions to determine whether Whitley was present and failed to intervene in a constitutional violation. The remainder of the district court's decision is AFFIRMED.