**Rex B. ABERNATHY, Plaintiff,**

v.

**The CITY OF CARTERSVILLE, GEORGIA, et al., Defendants.**

**Civ. A. No. C84–382R.**

United States District Court, N.D. Georgia, Rome Division.

June 30, 1986.

Jefferson L. Davis, Jr., Cartersville, Ga., for plaintiff.

C. King Askew, Brinson, Askew & Berry, Rome, Ga., David G. Archer, Archer, Elsey & Howell, Cartersville, Ga., for defendants.

## ORDER

HAROLD L. MURPHY, District Judge.

This case is before the Court on defendants' motion to dismiss and to substitute parties. For the reasons outlined below, defendants' motion for summary judgment as to Count I of plaintiff's complaint will be denied. Defendants' motion for summary judgment as to Counts II and III will be granted, as will defendants' motion to dismiss on the issue of individual liability and defendants' motion to substitute parties.

## BACKGROUND

This civil rights case is brought by three former police captains in the Cartersville, Georgia, police force, each of whom have filed separate pleadings. However, all three have essentially identical claims and base their jurisdiction before this Court on

28 U.S.C. §§ 1343 and 1331, for violations of rights under 42 U.S.C. §§ 1983, 1985, 1988, and the First, Fifth and Fourteenth Amendments to the United States Constitution.

Under 28 U.S.C. § 1331 this Court has jurisdiction over civil actions arising under the Constitution, laws or treaties of the United States. Under 28 U.S.C. § 1343 this Court has jurisdiction over civil actions for the deprivation of civil and constitutional rights. Jurisdiction under section 1343 must be affirmatively shown. *See, Davidson v. Lovett*, 446 F.Supp 1171 (S.D.Ga. 1978).

■ Plaintiff invokes two substantive Civil Rights statutes in this action, sections 1983 and 1985. Under section 1983, every person, who, under color of law, subjects any citizen to the deprivation of any Constitutional or legal rights, is liable to the party injured. In order to establish standing to sue under section 1983, a plaintiff must allege and show that he has suffered or will suffer an injury in fact, and the injury must be to a real interest. *See, Warth v. Seldin*, 422 U.S. 490, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975). Two allegations are required to state a cause of action under section 1983: 1). The plaintiff must allege that some person deprived him of a federal right; 2). The plaintiff must allege that the person who deprived him of that right acted under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 100 S.Ct. 1920, 64 L.Ed.2d 572 (1980).

■ To state a claim under section 1985(3) the complaint must allege that the defendants conspired for the purpose of depriving the plaintiff of the equal protection of the laws. Furthermore, facts must be alleged showing an invidiously discriminatory animus behind the conspirators' actions. *See, Griffin v. Breckenridge*, 403 U.S. 88, 91 S.Ct. 1790, 29 L.Ed.2d 338 (1971). In an action under section 1985, broad and conclusory statements in a complaint, unsupported by factual allegations, are not sufficient to support a cause of action. Vague and conclusory allegations are not enough to confer jurisdiction on the district court over the subject matter, and actions under section 1985 which contain merely conclusory claims of constitutional deprivations unsupported by factual allegations must be dismissed.

■ Furthermore, to be considered a victim of invidiously discriminatory animus, plaintiffs must show some racial or otherwise class-based invidiously discriminatory animus behind the conspirators' actions. *See, Griffin v. Breckenridge, supra; Byrd v. Clark*, 783 F.2d 1002 (11th Cir.1986). *Griffin* made clear Congresses intent to protect denials of equal protection because of race. *See, Scott v. Moore*, 680 F.2d 979, 991 (5th Cir.1982). Claims of class-based discrimination not based on racial discrimination must allege discrimination akin to racial bias or other traditionally recognized bases of bias against a group, such as, national origin or religion. *See, Scott*, 680 F.2d at 991. Nor is every conceivable class of persons covered by section 1985(3). Even if a plaintiff sufficiently alleges a cause of action under section 1985(3), once the defendants move for summary judgment, the plaintiff may not rest upon allegations contained in the complaint, but must set forth specific facts showing that there is a genuine issue for trial. *See, Byrd v. Clark*, 783 F.2d at 1008.

■ The Supreme Court has held that, to a limited extent, the Constitution protects public employees from employer retaliation for exercising their free speech rights. *See, Pickering v. Board of Education*, 391 U.S. 563, 88 S.Ct. 1731, 20 L.Ed.2d 811 (1968); *see also*, Note, *Public Employees' Free Speech Rights*, 13 N.Y.U.Rev.L. & Soc. Ch. 173 (1984–85). But freedom of speech does not have the same meaning for public employees that it has for others. Public employees may be subjected to discipline at their employer's will for expressing themselves on any subject outside a narrow scope of "public concern." Even when expressing themselves on matters that fall within that scope, public employees may only voice their opinion when it outweighs the state's interest in, for example, promot-

ing efficiency, fostering loyalty and obedience to superior officers, maintaining morale and instilling public confidence in the police force. *See, Hughes v. Whitmer*, 714 F.2d 1407, 1409 (8th Cir.1983) (quoting, *Gasparinetti v. Kerr*, 568 F.2d 311, 315–16 (3rd Cir.), *cert. denied*, 436 U.S. 903, 98 S.Ct. 2232, 56 L.Ed.2d 401 (1978)) *cert. denied sub nom. Hughes v. Hoffman*, 465 U.S. 1023, 104 S.Ct. 1275, 79 L.Ed.2d 680 (1984); *Connick v. Myers*, 461 U.S. 138, 103 S.Ct. 1684, 75 L.Ed.2d 708 (1983).

▉ In order to be accorded the protection of the due process clause of the Fifth Amendment, the plaintiff must have a liberty or property interest within the meaning of the Fourteenth Amendment. *See, Board of Regents v. Roth*, 408 U.S. 564, 569–70, 92 S.Ct. 2701, 2705, 33 L.Ed.2d 548 (1972). A property interest exists when one has a "legitimate claim of entitlement" to a right arising from such sources as state statutes and employment contracts. *Id.*, 408 U.S. at 577, 92 S.Ct. at 2709.

Plaintiff was formerly a Captain in the City Police Department of Cartersville, Georgia. He was terminated from that position on October 30, 1984. Plaintiff argues that his termination was unconstitutional because it resulted from his effort to report illegal actions by other members of the department. He alleges that two of his superior officers, Major Charles V. Siniard and Police Chief Paul Whitely, ordered the removal of alcoholic beverages from either the evidence or storage rooms of the Police Department. The beverages were then used at a statewide Georgia Automobile Theft Intelligence Council held in Cartersville, and hosted by the Cartersville Police Department. Plaintiff alleges that the alcoholic beverages had been used as evidence in trials, and their removal and use was illegal. Following plaintiff's efforts to report this allegedly illegal use, and the indictment of plaintiff's superior officers on misdemeanor theft charges by the Bartow County Grand Jury, plaintiff was terminated from employment.

Defendants argue that plaintiff was not fired because of efforts to report the illegal use of alcohol, but rather because of long-term problems with plaintiff as member of the force. Defendants allege that plaintiff's violated numerous City Police Department General Orders, their oath of office, the City Code and engaged in conduct that created disruption and disharmony in the force.

Plaintiff's complaint contains four counts. First, that plaintiff's First and Fourteenth Amendment rights to freedom of speech were violated by plaintiff's termination of employment in retribution for his testimony before the Grand Jury. Liability is premised on section 1983. In the second count, plaintiff alleges that his right to freedom of association was infringed, as a member of a group of officers critical of the police department. Liability is premised on sections 1983 and 1985. Plaintiff's third count alleges a violation of his Fifth and Fourteenth Amendment rights for a denial of property without due process of law. Plaintiff's fourth and final count requests attorney's fees under section 1988. This plaintiff has asked for one million, five hundred thousand dollars in compensatory damages, and three million dollars in punitive damages, along with attorney's fees. Defendant has moved for summary judgment pursuant to Fed.R.Civ.P. 56(c) as to all four counts.

Summary judgment is only authorized when "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The party seeking summary judgment bears the burden of demonstrating that no dispute as to any material fact exists. *See, Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970); *Bingham Ltd. v. United States*, 724 F.2d 921, 924 (11th Cir. 1984). In assessing whether the movant has met this burden, the evidence and all factual inferences must be viewed in the light most favorable to the party opposing the motion. *See, Bradbury v. Wainwright*, 718 F.2d 1538, 1543 (11th Cir.1983); *Clemons v. Dougherty County*, 684 F.2d 1365, 1369 (11th Cir.1982). Finally, in de-

ciding a motion for summary judgment, "it is no part of the court's function to decide issues of fact but solely to determine whether there is an issue of fact to be tried." *Warrior Tombigbee Transportation Co. v. M/V Nan Fung*, 695 F.2d 1294, 1296 (11th Cir.1983). The Court will consider the motion for summary judgment as to each count in turn.

### COUNT I–FREEDOM OF SPEECH

█ Plaintiff alleges in his complaint that he was terminated from employment as a result of his testimony before a Grand Jury regarding improper actions by his superior officers. As noted above, under the current *Pickering–Connick* standard, a public employee's speech rights are limited. *Pickering* set out the concept of a balance between the interest of the employee "as a citizen, in commenting upon matters of public concern, and the interest of the State, as employer, in promoting the efficiency of the public services it performs through its employees." *Pickering*, 391 U.S. at 568, 88 S.Ct. at 1734. Since *Pickering* the balance has been struck more often than not in favor of the employer's interests in efficiency, and the employees interest has been reduced to a particularly narrow interpretation of "public concern". *See, Connick v. Myers, supra*. The magnitude of the State's interest has been given especial emphasis in the context of dismissals from police, fire departments and other emergency-related positions. In particular, the importance of a close working relationship in such situations, and the possible destruction of that relationship by the employees speech, has been seen as grounds for upholding termination regardless of the "public concern" quality of the employees speech. In *Sprague v. Fitzpatrick*, the third circuit upheld the termination of an assistant district Attorney whose statements about his immediate supervisor concerned a matter of "grave public import" but who could nevertheless be terminated because the resulting "breach of confidence" between the two "totally precluded any future working relationship between [them]." *Sprague v. Fitzpatrick*, 546 F.2d 560, 565 (3rd Cir.1976), *cert. denied*, 431 U.S. 937, 97 S.Ct. 2649, 53 L.Ed.2d 255 (1977). The Supreme Court noted the special need for "discipline, esprit de corps, and uniformity" in law enforcement agencies in upholding a police department's hair grooming regulations. *Kelley v. Johnson*, 425 U.S. 238, 96 S.Ct. 1440, 47 L.Ed.2d 708 (1976).

However, the Courts of this circuit have recognized the need to "go beyond asserting the need for 'discipline' in 'para-military' or 'quasi-military' organizations, and identify the true interest the department has in suppressing the speech and conduct that resulted in ... dismissal." *Leonard v. City of Columbus*, 705 F.2d 1299, 1305 (11th Cir.1983). The circuit court has noted in a footnote that while "the working relationship of the parties is damaged, this exigency pales before the need of the public to know of the malfeasance involved, and the *right* of the appellee to make it known both for his own protection and as his duty as servant to the people." *Williams v. Board of Regents*, 629 F.2d 993, fn. 19 (1980).

The fact that plaintiff's superiors were involved in activities that resulted in their conviction for theft, and that those activities were brought to light by plaintiff's activities, and the propinquity of plaintiff's termination to their efforts to bring these illegal actions to light, makes a grant of summary judgment on this Count inappropriate. While it may be shown at trial that defendants had ample other reasons to remove plaintiff from employment, it has not been shown sufficiently here to warrant the effective dismissal of plaintiff's first amendment claim. A claim of theft by high police officials is certainly within the area of "public concern" elucidated by *Connick*, and the efforts to report that theft must be protected. As one commentator has observed, "There is no legitimate state interest in inhibiting speech that implicates public officials in wrongdoing." *See*, Note, *Public Employees' Free Speech Rights*, 13 N.Y.U.Rev.L. & Soc. Ch. 173, 184–85 (1984–85). Defendants have

not shown that plaintiff's termination was wholly unrelated to their corruption exposing activities, and the "employee's first amendment interest is entitled to more weight where he is acting as a whistle-blower exposing government corruption." *Hughes v. Whitmer,* 714 F.2d 1407 (1983). Thus the motion for summary judgment as to the first count will be denied.

## COUNT II–FREEDOM OF ASSOCIATION

■ Plaintiff's attempt to assert a claim that their termination violated their freedom of association. However plaintiff's complaint, and response to the motion for summary judgment, utterly fails to make out such a claim. Plaintiff's complaint consists of broad allegations, and the response to the motion for summary judgment does not set forth any specific facts showing that there is any genuine issue for trial on this claim. *See, Byrd v. Clark,* 783 F.2d at 1008. To make out a claim under section 1985, plaintiff would have to allege discrimination akin to racial bias or other traditionally recognized bases of bias against a group. *See, Griffin v. Breckenridge,* 403 U.S. 88, 91 S.Ct. 1790, 29 L.Ed.2d 338 (1971). There has been no such allegation, and a careful review of the transcripts, affidavits and pleadings provides no further support for this claim. The Court is thus without jurisdiction as to this Count and the motion for summary judgment will be granted.

## COUNT III–PROCEDURAL DUE PROCESS

Plaintiff also attempts to assert a claim that he had a property right in and to his continued employment that was violated by the failure of the City to conduct a fair and impartial hearing. This claim is flawed as well. Although defendants assert that the termination was fair, that counsel was present for plaintiff and that they had ample opportunity to be heard, the hearing itself is not the central issue.

■ To be entitled to bring a claim of due process violations following termination, an employee must show that he has a property interest in his continued employment. *See, Thompson v. Bass,* 616 F.2d 1259, 1264 (5th Cir.1980). No such showing has been made here. There was no contract of employment, no "for cause" requirement in the policy manual of the police department, and their expectations concerning continued employment and grounds for dismissal cannot change their position. Plaintiff is at-will employee, subject to termination "with or without cause, and regardless of [their employer's] motive." *Elliott v. Delta Airlines, Inc.,* 116 Ga.App. 36, 156 S.E.2d 656 (1967). Without a showing of deprivation of an entitlement, the requirements of due process do not apply. *Board of Regents v. Roth,* 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972). Plaintiff's cannot even show that it was "objectively reasonable ... to believe [they] could rely on continued employment." *Bishop v. Wood,* 426 U.S. 341, 353, 96 S.Ct. 2074, 2081, 48 L.Ed.2d 684 (1976). Nor would such a showing suffice. The City's Charter gives the City Manager express power to hire and fire, but gives no entitlement to continued employment to plaintiffs. While the many General Orders that regulate police behavior appear analogous to a "for cause" requirement, none of the regulations provide that termination will be only for cause. Nor do the regulations provide that any hearing on termination will follow any specific procedures. *See, Ogletree v. Chester,* 682 F.2d 1366, 1372, n. 8 (11th Cir.1982); *Harrison v. City of Adairsville,* 560 F.Supp. 445, 450–51 (N.D.Ga.1983). The Court thus concludes that the plaintiff does not possess a constitutionally protected property interest in employment. The motion for summary judgment as to the third count will be granted.

## COUNT IV–ATTORNEY FEES

Unless and until plaintiff prevails on his remaining count, the issue of attorney fees under section 1988 need not be considered.

ADDITIONAL MOTIONS

The defendants have also made several motions to dismiss parties to this lawsuit and to substitute parties. Defendants urge that the named defendants be granted dismissal under Fed.R.Civ.P. 12(b)(1) and 12(b)(6) for a failure to state a claim against them in their official capacities. While plaintiff makes only the most minimal response to this portion of defendants' motion, the Court believes that a sufficient claim has been made to evade dismissal. However, plaintiff has made no response to defendants' similar motion to dismiss the claims as to defendants individually. The complaint is against these defendants for actions taken in their official capacities, and for an alleged infringement of constitutional rights due to their official actions. While all the defendants may be subject to liability under section 1983 in their official capacities, the plaintiff has not made out any showing of personal liability. *See, Monell v. Department of Social Services,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); *Butz v. Economou,* 438 U.S. 478, 98 S.Ct. 2894, 57 L.Ed.2d 895 (1978). Finally, defendants have moved to substitute parties. Good cause having been shown, and there being no opposition to the motion, it will be granted. *See,* LR 220–1(b)(1) ND Ga.

ACCORDINGLY, the defendants' motion for summary judgment as to Count I of the complaint is DENIED. Defendants' motion for summary judgment as to Counts II and III is GRANTED. Defendants' motion to dismiss as to individual liability is GRANTED. Defendants' motion to substitute parties is GRANTED.