[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOV 15, 2006
THOMAS K. KAHN
CLERK

No. 05-17037

D. C. Docket No. 04-00757 CV-F-N

KENNETH SANDERS, SR.,
TINA SANDERS, et al.,

                                        Plaintiffs-Appellants,

                versus

CITY OF UNION SPRINGS,
as a person under 42 U.S.C. § 1983,
E.L. LOVE, Chief, individually and in his official capacity as
Chief of Police, et al.,

                                        Defendants-Appellees.


                Appeal from the United States District Court
                    for the Middle District of Alabama


                        **(November 15, 2006)**

Before ANDERSON and DUBINA, Circuit Judges, and VINSON,* District Judge.

PER CURIAM:

---

        *Honorable C. Roger Vinson, United States District Judge for the Northern District of
Florida, sitting by designation.

Appellants Sabrina Kendrick, as mother and next friend of L.C., deceased, Kenneth Sanders, Sr., Tina Sanders, and Kenneth Sanders, Jr. (collectively the "plaintiffs"), appeal the district court's order granting summary judgment in favor of Appellees, the City of Union Springs, Alabama (the "City"), Kenneth Johnson ("Officer Johnson"), and E.L. Love ("Police Chief Love") (collectively referred to as "defendants"), on plaintiffs' 42 U.S.C. § 1983 claims of excessive force, negligent failure to train and supervise regarding high speed pursuits, negligent use of firearms, negligent failure to train and supervise regarding the use of firearms,[1] and failure to intervene. After a thorough review of the record, and having the benefit of the parties' briefs and oral argument, we affirm the district court's grant of summary judgment.

## I. BACKGROUND

Officer Johnson and Officer Frank Walker ("Officer Walker") set up a driver's license checkpoint on Thomas Street in Union Springs, Alabama. A red Honda CRX turned onto Thomas Street and slid to a stop. The driver shielded his face and turned into a driveway about 100 to 250 feet from the checkpoint. Officer Walker motioned the driver to continue through the checkpoint, but the driver backed out and sped away. Officer Walker and Officer Johnson chased

---

[1]Plaintiffs moved to dismiss this claim, which was granted by the district court.

after him in their police cars, but Officer Walker and the Honda sped out of Officer Johnson's sight. Officer Walker followed the car onto a dead-end street and attempted a road block; he got out of his car, and the driver drove straight at him, forcing him to jump on the hood of his police car to avoid being hit. At this point, Officer Walker gave up the chase. He did not file a written report, but he told Officer Johnson and Police Chief Love about the incident.

A week later, Officer Johnson was on patrol when Desmond Kendrick ("Kendrick") passed by him in what appeared to be the same red Honda CRX. Kendrick covered his face as he drove by, just like the driver in the chase the week before. Unbeknownst to Officer Johnson, Sabrina Kendrick's two year old daughter, L.C., was in the passenger seat of Kendrick's car. Officer Johnson turned on his car's emergency lights and siren, and Kendrick fled. Officer Johnson chased after him and radioed into dispatch that he was in pursuit of a fleeing automobile. Kendrick threw an unidentified object out of the window that the police never recovered. Officer Johnson called in the tag number, which showed it was registered as a 1986 4-door Toyota Corolla that had been recently burglarized.

During the chase, Kendrick ran stop signs, almost hit a school bus, and ran a couple of cars off the road. He fled the Union Springs police jurisdiction into the

3

jurisdiction of the Bullock County Sheriff's Department. The Sheriff's Department set up two road blocks, but Kendrick avoided them and almost hit a deputy with his car. Police Chief Love heard about the chase through dispatch. He drove towards the chase keeping in touch through dispatch but, due to radio defects, he was unable to contact Officer Johnson directly and had trouble hearing his transmissions.

During the chase, Kendrick wrecked with another vehicle. According to witnesses, Kendrick crossed over into the oncoming lane of traffic and struck a vehicle occupied by the Sanderses. The Sanderses were seriously injured in the crash. Kendrick and L.C. died as a result of the wreck. The plaintiffs allege that Officer Johnson fired his gun at the Honda CRX during the pursuit. However, Officer Johnson testified that he never fired his gun, and the only evidence that a gun may have been fired is an undated small round hole in the rear of Kendrick's red Honda CRX, and testimony that Kendrick may have been slumped over the steering wheel prior to the collision.

The district court consolidated complaints filed by the Sanderses and Sabrina Kendrick for discovery purposes and entered a uniform scheduling order with no objection by the parties. All named defendants filed motions for summary judgment in conformity with the scheduling order, which the plaintiffs opposed.

4

The court awarded a significant extension of time for the plaintiffs' submission of materials and briefs in opposition to defendants' motions for summary judgment. Nevertheless, more than six weeks after the extended deadline, the plaintiffs sought to supplement the evidence submitted in opposition to the motions for summary judgment. The district court denied their request because they failed to show good cause for the delay.

After consideration of the merits, the district court entered summary judgment in favor of the defendants on all the plaintiffs' federal claims and declined to exercise supplemental jurisdiction. The plaintiffs then perfected this appeal.

## II. ISSUES

The plaintiffs present the following issues for appellate review: (1) whether the district court abused its discretion by striking their supplementary evidentiary submissions; (2) whether Officer Johnson's pursuit of Kendrick resulted in a Fourth Amendment seizure of L.C.; (3) whether the pursuit violated the plaintiffs' substantive due process rights under the Fourteenth Amendment; (4) whether Police Chief Love's failure to intervene in the pursuit violated the plaintiffs' constitutional rights; and (5) whether Police Chief Love and the City are liable for failure to train or supervise Officer Johnson.

## III.  STANDARDS OF REVIEW

We review a district court order striking evidentiary material for abuse of discretion and will reverse the district court only in cases where substantial prejudice exists.  *Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1259 (11th Cir. 2004).  Under the abuse of discretion standard, our review is limited.  We give the court "considerably more leeway than if we were reviewing the decision *de novo*." *Young v. City of Palm Bay*, 358 F.3d 859, 863 (11th Cir. 2004) (citation omitted).

We review *de novo* a district court's order entering summary judgment, viewing the facts in the light most favorable to the nonmoving party.  *Id*. at 860. Summary judgment is appropriate only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  When the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue of material fact.  *Allen v. Tyson Foods Inc.*, 121 F.3d 642, 646 (11th Cir. 1997).

## IV.  DISCUSSION

A.  *Plaintiffs' untimely supplementary evidentiary submission*

The district court ordered the plaintiffs to file their briefs and evidentiary materials in opposition to the defendants' motions for summary judgment on or before August 8, 2005.  At the plaintiffs' request, the court granted them a

submission deadline extension until August 22, 2005. They timely filed their relevant briefs and evidentiary materials. On October 6, 2005, the plaintiffs filed a motion for leave to supplement their evidentiary materials in opposition to defendants' motions for summary judgment. The plaintiffs asked the court to consider additional affidavits provided by witnesses of the pursuit and accident. The plaintiffs offered the affidavits as evidence purporting to rebut Officer Johnson's claim that Kendrick was out of his sight at the time of the accident, as evidence that a bullet size hole was observed in the rear of the Honda immediately after the collision, and to contradict Officer Johnson's contention that he aided the dead and injured.

After reviewing the record, we conclude that the district court did not abuse its discretion in striking the plaintiffs' tardy evidentiary materials. The plaintiffs were aware as early as September 2004, that the scheduling order required the parties to file motions for summary judgment by July 22, 2005. A district court must be able to enforce its scheduling deadlines in order to effectively maintain control over its docket. *Young*, 358 F.3d at 864. The plaintiffs in no way explained their failure to obtain the supplementary affidavits before the summary judgment deadline and did not show good cause for their motion. Under the

circumstances, we conclude that the district court's enforcement of its scheduling deadline was not an abuse of discretion.

B. *Fourth Amendment - Unreasonable Seizure*

Sabrina Kendrick alleges that Officer Johnson used excessive force in violation of L.C.'s Fourth Amendment right to be free from unreasonable searches and seizures. To assert a Fourth Amendment claim for excessive force, there must have been a seizure, and the force used to effect the seizure must have been unreasonable. *Troupe v. Sarasota County*, 419 F.3d 1160, 1166 (11th Cir. 2005), *cert. denied*, 126 S. Ct. 1914 (2006).

A police pursuit in attempting to seize a person does not amount to a "seizure" within the meaning of the Fourth Amendment. *California v. Hodari D.*, 499 U.S. 621, 626, 111 S. Ct. 1547, 1550-51 (1991). A Fourth Amendment seizure occurs only when there is "a governmental termination of freedom of movement *through means intentionally applied*." *Brower v. County of Inyo*, 489 U.S. 593, 597, 109 S. Ct. 1378, 1381 (1989) (explaining that an officer's show of authority represented by flashing lights and continuing pursuit does not result in a seizure of a fleeing subject when the suspect is stopped by different means, such as the loss of control of his vehicle or a subsequent crash). *See also County of Sacremento v. Lewis*, 523 U.S. 833, 844, 118 S. Ct. 1708, 1715 (1998) (holding

that a passenger on a fleeing motorcycle was not seized when the motorcycle tipped over during a high speed chase and the police car skidded into the passenger, causing his death). Thus, in order to establish a seizure, the object of the seizure must be stopped by the very instrumentality set in motion to effect the seizure. *Brower*, 489 U.S. at 599, 109 S. Ct. at 1382.

L.C. was not seized, as defined by the Fourth Amendment. The red Honda stopped when it collided with the Sanderses' car. Officer Johnson did not intentionally terminate L.C.'s freedom of movement. Sabrina Kendrick claims that Officer Johnson seized L.C. by firing his gun into the fleeing Honda, but the record evidence does not support her claim. There was no evidence presented to the district court that the hole in the Honda was a bullet hole or that it was made during the pursuit. Moreover, there was no evidence presented demonstrating that Kendrick or L.C. was hit by a bullet. Therefore, a reasonable jury could not conclude that Officer Johnson fired a gun into the car thereby seizing L.C.

Furthermore, only intervention directed at a specific individual furnishes the basis for a Fourth Amendment claim. *Troupe*, 419 F.3d 1166-67. The undisputed evidence is that Officer Johnson pursued the Honda in order to arrest Kendrick and was not even aware that L.C. was in Kendrick's car. Even if Officer Johnson knew L.C. was in the car, however, "stopping a vehicle's driver does not

9

constitute a seizure of a passenger." *Id*. at 1167. Simply put, L.C. was not the object of Officer Johnson's pursuit and could not have been seized under the Fourth Amendment.

Sabrina Kendrick argues that *Vaughan v. Cox*, 343 F.3d 1323 (11th Cir. 2003) supports her claim. However, *Vaughan's* distinctions support the conclusion that L.C. was not seized under the Fourth Amendment. In *Vaughan*, the sheriff's department received a report of a stolen red pickup truck with a silver tool box in its bed. *Id*. at 1325-26. Deputies spotted a truck matching the description of the stolen vehicle, and the passenger matched the description of the suspected thief. *Id*. While in pursuit, the deputies shot at the truck to disable it and, as a result, wounded the passenger. *Id*. The court determined that the passenger was seized because the deputy intended to stop the passenger, and the very instrumentality set in motion to stop him, the bullet, actually struck him. *Id*. at 1329. In the present case, L.C. was not the object of the pursuit, and there is no evidence that either L.C. or Kendrick was seized "through means intentionally applied." *Brower*, 489 U.S. at 597.

In the absence of a seizure, there cannot be a Fourth Amendment claim of unreasonable force. Therefore, we conclude that the district court correctly

granted summary judgment on Sabrina Kendrick's excessive force claim brought under 42 U.S.C. § 1983.

C. *Fourteenth Amendment - Due Process*

The plaintiffs claim that Officer Johnson pursued Kendrick with malice and that the subsequent wreck violated their substantive due process rights. The Supreme Court has held that "the substantive component of the Due Process Clause is violated by executive action only when it 'can properly be characterized as arbitrary, or conscience shocking, in a constitutional sense.'" *Lewis*, 523 U.S. at 847, 118 S. Ct. at 1717 (quoting *Collins v. Harker Heights*, 503 U.S. 115, 128, 112 S. Ct. 1061, 1070 (1992)). In the context of high-speed chases, "only a purpose to cause harm unrelated to the legitimate object of arrest will satisfy the element of arbitrary conduct shocking to the conscience, necessary for a due process violation." *Id.* at 836, 118 S. Ct. at 1711-12. Thus, "high-speed chases with no intent to harm suspects physically or to worsen their legal plight do not give rise to liability under the Fourteenth Amendment, redressible by an action under § 1983." *Id.* at 854, 118 S. Ct. at 1720.

The evidence establishes that Officer Johnson pursued Kendrick in order to arrest him and not with an intent to cause harm. Officer Johnson initiated the pursuit of Kendrick because it appeared to him that he had eluded the City's police

11

force a week earlier after attempting to hit Officer Walker. Officer Johnson maintained the pursuit because Kendrick recklessly fled arrest.

Additionally, Officer Johnson's decision to pursue Kendrick was made "in haste, under pressure, and ... without the luxury of a second chance." *Id*. at 853, 118 S. Ct. at 1720 (citation ommitted); *cf. Graham v. Connor,* 490 U.S. 386, 396-97, 109 S. Ct. 1865, 1872 (1989) ("The calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments in circumstances that are tense, uncertain, and rapidly evolving...."). Accordingly, a higher standard of fault is required to establish liability. The plaintiffs failed to prove that Officer Johnson acted with an intent to cause harm to Kendrick unrelated to the legitimate pursuit of a fleeing suspect; therefore, we conclude that the plaintiffs' substantive due process claim fails.

D. *Failure to Intervene*

The plaintiffs claim that Police Chief Love is liable for failing to intervene in the pursuit of Kendrick's vehicle. "If a police officer, whether supervisory or not, fails or refuses to intervene when a constitutional violation ... takes place in his presence, the officer is directly liable under Section 1983." *Byrd v. Clark*, 783 F.2d 1002, 1007 (11th Cir. 1986); *see also, e.g., Priester v. City of Rivieria Beach*,

12

208 F.3d 919, 924 (11th Cir. 2000) (recognizing that an officer can be liable for failing to intervene when another officer uses excessive force).  However, given that the plaintiffs are unable to establish a constitutional violation, their claim for failure to intervene must fail.  Therefore, we conclude that the district court properly granted summary judgment on this claim.

E. *Failure to Train or Supervise*

The plaintiffs claim that the City and Police Chief Love did not adequately train Officer Johnson in highspeed pursuits and this failure caused a violation of their constitutional rights.  However, we will only inquire into a governmental entity's custom or policy when a constitutional deprivation has occurred.  *Rooney v. Watson*, 101 F.3d 1378, 1381 (11th Cir. 1996).  *See also Vineyard v. County of Murray*, 990 F.2d 1207, 1211 (11th Cir. 1993) ( "Only when it is clear that a violation of specific rights has occurred can the question of § 1983 municipal liability for the injury arise.").  Again, because plaintiffs are unable to establish a constitutional violation, they are unable to maintain a § 1983 action for failure to train or supervise the City's officers in high-speed pursuits.

V. CONCLUSION

For the foregoing reasons, we affirm the district court's grant of summary judgment in favor of the defendants.

**AFFIRMED.**