In the

# United States Court of Appeals

## For the Seventh Circuit

No. 21-3118

BLAKE STEWARDSON,

*Plaintiff-Appellee,*

*v.*

CAMERON BIGGS,

*Defendant-Appellant.*

Appeal from the United States District Court for the
Northern District of Indiana, South Bend Division.
No. 3:18-cv-00958-DRL-MGG – **Damon R. Leichty**, *Judge.*

ARGUED MAY 25, 2022 — DECIDED AUGUST 5, 2022

Before RIPPLE, ROVNER, and JACKSON-AKIWUMI, *Circuit Judges.*

JACKSON-AKIWUMI, *Circuit Judge.* We have explained many times that we do not have jurisdiction to review qualified immunity denials on interlocutory appeal when the district court's decision, or the appellant's arguments, turn on disputes of material fact. *See, e.g., Bayon v. Berkebile*, 29 F.4th 850, 856 (7th Cir. 2022); *Ferguson v. McDonough*, 13 F.4th 574, 584 (7th Cir. 2021); *Day v. Wooten*, 947 F.3d 453, 459 (7th Cir. 2020),

*cert. denied sub nom. Shanika Day v. Wooten*, 141 S. Ct. 1449 (2021); *Gant v. Hartman*, 924 F.3d 445, 451 (7th Cir. 2019); *Dockery v. Blackburn*, 911 F.3d 458, 465–66 (7th Cir. 2018). Yet we continue to receive appeals from officers who challenge district court orders denying them qualified immunity because of disputed facts. So, we repeat: we may review district court orders denying qualified immunity on interlocutory appeal only when the appellant brings "a purely legal argument that does not depend on disputed facts." *Ferguson*, 13 F.4th at 580 (quotation omitted).

The interlocutory appeal before us does not meet this criterion. Rather, Deputy Cameron Biggs's argument is "inseparable from the questions of fact identified by the district court" and presents no purely legal issue. *Koh v. Ustich*, 933 F.3d 836, 838 (7th Cir. 2019). We therefore dismiss this appeal for lack of jurisdiction.

**I**

We recount the facts in the light most favorable to Blake Stewardson, the nonmoving party. *Smith v. Finkley*, 10 F.4th 725, 729 (7th Cir. 2021). Around midnight on January 1, 2018, a City of Logansport officer arrested and transported Stewardson to the Cass County, Indiana, jail for operating a motor vehicle while intoxicated and resisting law enforcement. At the jail, Stewardson argued with officers, yelled obscenities at them, and resisted their efforts to control him. Stewardson alleges that five incidents of excessive force took place that morning; three are relevant to this appeal. First, Biggs's subordinate, Deputy Christopher Titus, slammed Stewardson's face into a wall while Stewardson was handcuffed behind his back. Biggs witnessed the face slam but failed to admonish Titus not to use additional excessive force on Stewardson or

restrict Titus's access to Stewardson. One minute later, after Titus and Biggs escorted Stewardson to a cell, Titus performed a "leg sweep" on handcuffed Stewardson and caused Stewardson to hit the ground. Biggs also witnessed this incident. Lastly, later that morning, Titus entered Stewardson's cell and used a "hip toss" to take Stewardson to the ground. Biggs did not witness the hip toss.

Stewardson brought suit under 42 U.S.C. § 1983 against the City of Logansport, Biggs, Titus, and other officers alleging violations of his Fourteenth Amendment rights stemming from the alleged excessive force incidents. The district court interpreted Stewardson's complaint as alleging failure to intervene claims against Biggs for not intervening when Titus used excessive force, although he did not explicitly label these claims in his complaint.

After discovery, Biggs sought summary judgment based on qualified immunity. The district court concluded that Biggs was entitled to qualified immunity for not intervening when Titus performed the hip toss (which Biggs did not see), but it denied Biggs qualified immunity for not intervening when Titus performed the leg sweep. The court explained that "it is clearly established that officers have a duty to intervene when a realistic opportunity would prevent use of excessive force on handcuffed individuals, individuals who are not or have stopped resisting arrest, and even individuals resisting law enforcement." *Stewardson v. Cass Cnty.*, No. 3:18-CV958 DRL-MGG, 2021 WL 4806373, at *3 (N.D. Ind. Oct. 14, 2021) (citing *Miller v. Smith*, 220 F.3d 491, 495 (7th Cir. 2000); *Yang v. Hardin*, 37 F.3d 282, 285-86 (7th Cir. 1994); *Byrd v. Brishke*, 466 F.2d 6, 9-11 (7th Cir. 1972); *Byrd v. Clarke*, 783 F.2d 1002, 1007 (11th Cir. 1986); and *Webb v. Hiykel*, 712 F.2d 405, 408 (8th Cir.

1983)). The court reasoned that "[o]nly moments before Deputy Titus tripped and slammed a handcuffed Mr. Stewardson onto the ground, Deputy Biggs witnessed him slam Mr. Stewardson into a wall. Deputy Biggs was present and witnessed both uses of excessive force." *Id.* It concluded that "construing the facts in the light most favorable to Mr. Stewardson, Deputy Titus'[s] conduct would have been obvious as a violation to Deputy Biggs by mere observation that his fellow deputy was using excessive force." *Id.*

Biggs appeals this denial of qualified immunity.

## II

Biggs argues that he is entitled to qualified immunity because he did not have sufficient time or opportunity to prevent Titus from leg sweeping Stewardson. Before considering the merits of Biggs's argument, we must first determine whether we have jurisdiction to review this appeal. We conclude that we do not.

Generally, "a district court's denial of summary judgment is an unappealable interlocutory order because it is not a 'final decision'" under 28 U.S.C. § 1291. *Bayon*, 29 F.4th at 853 (citations omitted). A narrow exception applies to this rule when a district court denies a defendant's request for qualified immunity. *Id.* at 854. An interlocutory appeal of a qualified immunity denial is appealable to the extent that it turns on issues of law. *Id.* (citation omitted). "[O]ur review is therefore confined to abstract issues of law" at this interlocutory stage, and our "appellate jurisdiction is secure only if the relevant material facts are undisputed or (what amounts to the same thing) when the defendant accepts the plaintiff's version of the facts

as true for now." *Id.* at 854, 856 (citations and quotation omitted).

To determine whether Biggs's qualified immunity arguments turn on legal issues only, we "closely examine" whether: (1) the district court "identifie[d] factual disputes as the reason for denying qualified immunity;" and (2) Biggs "make[s] a back-door effort to use disputed facts" to support his arguments. *Smith*, 10 F.4th at 736 (citations and quotation omitted). When we answer yes to both questions, as we do here, we lack jurisdiction over the appeal.

First, the district court denied Biggs qualified immunity based on a factual dispute: whether Biggs had a realistic opportunity to intervene to prevent Titus from leg sweeping Stewardson. It is clearly established that "[a]n officer who is present and fails to intervene to prevent other law enforcement officers from infringing the constitutional rights of citizens is liable under § 1983 if that officer had reason to know … excessive force was being used," and "the officer had a realistic opportunity to intervene to prevent the harm from occurring." *Yang*, 37 F.3d at 285 (citations omitted). *See also Gill v. City of Milwaukee*, 850 F.3d 335, 342 (7th Cir. 2017).[1] A realistic opportunity to intervene may exist if an officer could have "called for a backup, called for help, or at least cautioned [the officer] to stop." *Yang*, 37 F.3d at 285. The realistic opportunity analysis "almost always implicate[s] questions of fact for the jury: Whether an officer had sufficient time to

---

[1] This rule flows directly from this court's 1972 holding in *Byrd v. Brishke* that "it is clear that one who is given the badge of authority of a police officer may not ignore the duty imposed by his office and fail to stop other officers who summarily punish a third person in his presence or otherwise within his knowledge." 466 F.2d at 11.

intervene or was capable of preventing the harm caused by the other officer is generally an issue for the trier of fact unless, considering all the evidence, a reasonable jury could not possibly conclude otherwise." *Abdullahi v. City of Madison*, 423 F.3d 763, 774 (7th Cir. 2005) (emphasis omitted) (citation and quotation omitted). The district court found the analysis in this matter to be no different.

According to Stewardson, after Biggs witnessed Titus slam him into a wall, but before the officers took Stewardson to the cell where Titus performed the leg sweep, Biggs had a realistic opportunity to intervene because he could have admonished Titus or denied Titus further access to Stewardson. Meanwhile, Biggs argued that he did not have sufficient time and opportunity to intervene. The district court concluded that whether Biggs had a realistic opportunity to prevent Titus from leg sweeping Stewardson was therefore a disputed fact that precluded the court from granting Biggs qualified immunity at summary judgment.

Second, Biggs's arguments on appeal are "dependent upon, and inseparable from" that disputed fact we just identified. *Smith*, 10 F.4th at 736 (citations and quotation omitted). Biggs acknowledges for purposes of this appeal that he "could have verbally admonished Titus not to use any additional excessive force" after he slammed Stewardson's head against the wall and he "could have restricted Titus'[s] access to Stewardson and gotten other law enforcement officers … [to] escort Stewardson." But he argues that he did not have "sufficient time or opportunity to intervene" because the leg sweep happened moments after they entered the cell, he did not know Titus was going to employ a leg sweep, and Stewardson was on the ground quickly after Titus initiated and

completed the leg sweep. Essentially, Biggs asks us to reconsider the district court's conclusion that a jury could find that the timing of events gave him enough time to reasonably intervene. We will not do so. *See Bayon*, 29 F.4th at 853–54. His appeal illuminates that his arguments are "inseparable from the questions of fact identified by the district court." *Koh*, 933 F.3d at 838. We thus lack jurisdiction to review this appeal.

Separately, we note that although the district court found that a factual dispute precluded granting Biggs qualified immunity at summary judgment, Biggs is not foreclosed from asserting qualified immunity at trial. *See Ferguson v. McDonough*, 13 F.4th 574, 584 (7th Cir. 2021). "At trial, a jury may resolve disputed facts in [Biggs's] favor, and the district court could then determine he is entitled to qualified immunity as a matter of law." *Id.* (citations omitted).

**III**

For the reasons above, we DISMISS this appeal for lack of jurisdiction.