Richard M. KUNKLER, Plaintiff,

v.

FORT LAUDERDALE HOUSING AUTHORITY, William H. Lindsey, Joseph Newman, and Department of Housing and Urban Development, Defendants.

No. 90–6814–CIV.

United States District Court, S.D. Florida.

May 15, 1991.

Lloyd Silverman, Miami, Fla., for plaintiff Richard M. Kunkler.

Davis Duke, Jr., Fort Lauderdale, Fla., for Fort Lauderdale Housing Authority.

Robert Rosenberg, Asst. U.S. Atty., Deborah Ann Walker, Asst. Regional Counsel, HUD, Washington, D.C., for HUD.

## MEMORANDUM OPINION AND ORDER GRANTING MOTIONS TO DISMISS

MORENO, District Judge.

THIS CAUSE came before the Court upon defendants', Fort Lauderdale Housing Authority ("FLHA") and Department of Housing and Urban Development ("HUD"), Motions to Dismiss, filed November 15, 1990 and December 12, 1990. The Court has considered the motions, responses and replies thereto, and the pertinent portions of the record, and heard oral argument with counsel for all parties present. For the reasons that follow, the motions are GRANTED.

### Background

The instant complaint is based on two contracts plaintiff executed with FLHA on April 1, 1982 and April 1, 1984, referred to as Housing Assistance Payments Contracts. The contracts were entered into after the FLHA received Section 8 Program funds from HUD. In January 1990, the FLHA terminated plaintiff's rent subsidies for failure to properly maintain the premises in accordance with federal regulations. Kunkler alleges that the FLHA's conduct violated his constitutional rights in terminating 22 out of 30 of plaintiff's leases, causing the loss of substantial amounts of money, as well as the removal of tenants from their homes.

The federal lower-income housing assistance program, known as Section 8, 42 U.S.C. § 1437f, was designed to encourage the maintenance of low-income housing units by private landlords at federal, state, and city housing code standards of health

and safety. Under the program, eligible families receive housing assistance in the form of a rent subsidy paid directly to their respective landlords. The relationship between the landlord and the local housing authority, the FLHA, is governed by contract and applicable regulations. In consideration for these payments provided to plaintiff pursuant to the contracts, plaintiff was required to maintain and operate his units pursuant to the standards set forth in the contract and applicable federal regulations.

The Section 8 program is divided into distinct subprograms according to the characteristics of a particular subsidized housing unit. The relevant Section 8 subprogram here is the Moderate Rehabilitation Program ("MRP"). Under the MRP, the Secretary of HUD distributes the funds to selected public housing authorities in providing rent subsidies to lower-income families. After receiving these funds, the public housing authorities distribute the rent subsidy funds to private real estate owners who agree to rent their housing units to lower-income families. Essentially, the public housing authorities make a monthly rent subsidy payment directly to the private real estate owner, for the benefit of the lower-income family who might otherwise be unable to afford housing.

The rent subsidy funds are distributed through the Housing Assistance Payment Contract, which sets forth the rights and duties of both the public housing authority and the private owner with respect to the rent subsidy payments and the housing units. The public housing authority agrees to make direct rent subsidy payments to the landlord. In addition to the direct subsidy payments, the landlord also receives a rent payment from the assisted lower-income family.

The contract provides that the housing authority will terminate the contract if the owner does not maintain the housing in a decent, safe and sanitary condition, a default under the terms of the contract. By law, the duration of the contract must be for a term of 15 years. The rent subsidy payments are limited to a housing unit that is in need of moderate rehabilitation construction work. Before receiving the rent subsidy payment, the landlord must first rehabilitate the housing unit in conformity with an executed agreement between the public housing authority and the private real estate owner.

*Legal Analysis*

*A. Fort Lauderdale Housing Authority's Motion to Dismiss*

The FLHA's motion to dismiss is premised on the allegation that this Court lacks subject matter jurisdiction of this action. Plaintiff's complaint asserts that the FLHA breached the contracts by abating certain rental subsidies and ultimately terminating virtually all of the rental subsidies plaintiff was receiving under the two contracts. All four of plaintiff's causes of action arise from the contractual relationship between the parties. Plaintiff has asserted jurisdiction in this Court on four separate grounds. This Court finds that none of the grounds set forth by plaintiff provide jurisdiction in this Court as to defendant FLHA.

First, plaintiff attempts to invoke jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 alleging that this action "arises under" the laws of the United States, specifically, the United States Housing Authority Act of 1937, 42 U.S.C. § 1437. The facts alleged in support of plaintiff's claims all directly involve, and are derived from, the contractual relationship between plaintiff and the FLHA. Despite the reference and relationship to federal statutes and HUD regulations, this action is one for breach of contract. (Counts I and III are breach of contract claims; Counts II and IV allege constitutional violations of plaintiff's rights as a result of FLHA's performance and breach of the two contracts).

The "arising under" jurisdiction asserted by plaintiff is not established merely because a plaintiff claims entitlement to some right or interest that may have its origin or source in federal law. Rather, the right asserted must depend upon the operative effect of federal law and must draw into question the interpretation or application of

federal law. *Superior Oil Company v. Merritt,* 619 F.Supp. 526 (D.Utah 1985).

For a case to arise under federal law, a right or immunity created by that law must be an essential element of the plaintiff's claim; the federal right or immunity that forms the basis of the claim must be such that the claim will be supported if the federal law is given one construction or effect and defeated if it is given another.

*Mobil Oil Corp. v. Coastal Petroleum Co.,* 671 F.2d 419 (11th Cir.1982), *cert. denied,* 459 U.S. 970, 103 S.Ct. 300, 74 L.Ed.2d 281 (1982).

The mere fact that plaintiff was a participant in a program created by the federal government, or that HUD regulations apply to the contracts at issue does not require the pivotal interpretation of federal law necessary to confer jurisdiction. *See, e.g., Berks Products Corp. v. Landreau,* 523 F.Supp. 304 (E.D.Pa.1981); *Lindy v. Lynn,* 501 F.2d 1367 (3rd Cir.1974); *Jemo Associates Inc. v. Greene Metropolitan Housing Authority,* 523 F.Supp. 186 (S.D. Ohio 1981).

The FLHA finds support in *Giannetti Bros. Constr. Corp. v. Lee County,* 585 F.Supp. 1214 (M.D.Fla.1984), for its position that this Court does not have federal question jurisdiction. In *Giannetti,* it was the Environmental Protection Agency that was involved rather than HUD. The underlying complaint was however, based on an alleged breach of contract. Judge Castagana of the Middle District found that the claims were state law breach of contract claims, not involving the vindication of some federal policy so as to require the application of federal legal principals. It did not "arise under" the laws of the United States for purposes of 28 U.S.C. § 1331 and therefore the court did not have federal question jurisdiction.

Plaintiff Kunkler raises no substantial issue involving a dispute or controversy respecting the validity, construction or effect of federal law upon which the entire outcome of the case revolves. *Giannetti,* 585 F.Supp. at 1216. This Court does not have federal question jurisdiction pursuant to 28 U.S.C. § 1331.

■ Plaintiff further contends that jurisdiction is conferred by 28 U.S.C. § 1343(a)(3), (4) and 42 U.S.C. § 1983, in that plaintiff seeks redress for alleged violations of his Constitutional rights.

Count II alleges that plaintiff was denied his due process right to a hearing and further denied his equal protection rights by being treated less favorably than other landlords similarly situated. Additionally, Count II alleges that 24 C.F.R. 882.-216(b)(2)(iii) violates his due process and equal protection rights in failing to provide a landlord a hearing prior to termination of rental subsidies while providing a hearing to a tenant prior to termination of tenant's participation in the program.

Count IV seeks a declaration that the applicable federal regulations are unconstitutional as applied for the same reasons set forth in Count II. The allegations as to the constitutional violations are: Joseph Newman was biased and prejudiced in his inspections of plaintiff's units; other landlords similarly situated were given more time to make repairs; plaintiff was singled out for abatement and termination of rent subsidies and, plaintiff was denied a hearing.

■ Original jurisdiction for redress of constitutional violations requires more than an unsupported conclusion that plaintiff's constitutional rights have been violated by the defendant's breach of contract. The case law clearly holds that breach of a contractual right by a government institution or agency is not a deprivation of property without constitutional due process of law. *Bishop v. Wood,* 426 U.S. 341, 96 S.Ct. 2074, 48 L.Ed.2d 684 (1976). Otherwise, virtually every controversy involving an alleged breach of contract by a government or a governmental institution or agency or instrumentality could result in a "constitutional challenge." *Jimenez v. Almodovar,* 650 F.2d 363 (1st Cir.1981).

Plaintiff's equal protection argument boils down to the assertions that plaintiff was (1) treated less favorably than other similarly situated landlords who also had housing quality violations on their properties, and (2) not provided the same procedural rights as a tenant, because HUD

regulations provide a tenant the right to a hearing prior to termination from the Section 8 program.

■■■ To maintain a viable claim for deprivation of his equal protection rights under the 14th Amendment, plaintiff Kunkler must allege, and ultimately prove, intentional or purposeful discrimination. *Arlington Heights v. Metropolitan Housing Dev. Corp.*, 429 U.S. 252, 97 S.Ct. 555, 50 L.Ed.2d 450 (1977). Absent any allegation of discriminatory purpose, a mere failure of those who administer the law to treat equally all persons who violate the law does not constitute a denial of equal protection. *See United States v. Batchelder*, 442 U.S. 114, 99 S.Ct. 2198, 60 L.Ed.2d 755 (1979). Selective enforcement alone, such as plaintiff alleges here, is not unconstitutional. *Crass v. Tennessee Valley Authority*, 460 F.Supp. 941 (E.D.Tenn.1978).

■■■ With respect to plaintiff's claim for declaratory judgment and injunctive relief, plaintiff invokes 28 U.S.C. §§ 2201 and 2202, the Federal Declaratory Judgment Act, as conferring authority on this Court for the exercise of jurisdiction over the entire action. This Act does not provide an independent basis for federal jurisdiction. The Declaratory Judgment Act can provide a procedural remedy for the declaration of the parties' rights and legal relations if, and only if, the Court has jurisdiction from other sources. *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 70 S.Ct. 876, 94 L.Ed. 1194 (1950).

Plaintiff's contention that the Court must determine whether Congress intended private causes of action under the United States Housing Act for owners who participate in HUD's Moderate Rehabilitation Program (incorporated in the National Housing Policy) and who suffer a breach of contract under this program is unfounded. Such private cause of action would provide a basis for federal court jurisdiction.

■■■ Plaintiff acknowledges that his claims are breach of contract claims. However, he argues that Congress intended to create a federal cause of action for a landlord's breach of contract under the Housing Act, by applying the test established by the Supreme Court in *Cort v. Ash*, 422 U.S. 66, 95 S.Ct. 2080, 45 L.Ed.2d 26 (1975). The factors determinative of congressional intent include: (1) whether the plaintiff was one of the class for whose special benefit the statute was enacted, (2) whether there is any indication of legislative intent to create such a remedy consistent with the underlying purposes of the legislative scheme, (3) whether it comports with the underlying statutory purposes to imply a private remedy in favor of plaintiffs, and (4) whether the cause of action is traditionally relegated to state law.

■■■ Plaintiff's argument fails on all fronts: (1) it is clear that the intended beneficiaries of the program are low-income tenants, not the landlords who benefit financially from the program; (2) legislative intent is crystal clear with respect to creation of a private remedy for landlords—Congress explicitly created such a remedy for tenants and would have done the same for landlords if it had so intended; (3) also by omission, it is clear that the statutory purpose was not to imply any private remedy in favor of plaintiff; and (4) contract actions are traditionally matters of state law.

### B. Department of Housing and Urban Development's Motion to Dismiss

■■■ HUD's motion is based on the United States' immunity from suit. The United States must consent to be sued, and such consent is a prerequisite for jurisdiction. *United States v. Sherwood*, 312 U.S. 584, 61 S.Ct. 767, 85 L.Ed. 1058 (1941). Under the Tucker Act, the United States has consented to be sued for claims based on express contracts or contracts implied-in-fact. *United States v. Mitchell*, 463 U.S. 206, 103 S.Ct. 2961, 77 L.Ed.2d 580 (1983). The United States has not consented to suit for claims based on implied-in-law contracts.

There are two contracts here, neither of which give rise to a suit against HUD. The April 1, 1982 and April 1, 1984 contracts are with the FLHA, not HUD. Kunkler has not asserted any facts which indicate any express contract with HUD.

■■■ For an implied-in-fact contract to be formed, there must be an offer, ac-

ceptance and consideration. *Fincke v. United States*, 675 F.2d 289, 230 Ct.Cl. 233 (1982). Kunkler has stated no facts indicating an offer, acceptance or consideration between plaintiff and HUD, thus, there can be no implied-in-fact contract with HUD.

Similarly, plaintiff's constitutional claim for money damages must be dismissed since the United States has not waived its sovereign immunity as to this type of claim. *See United States v. Timmons*, 672 F.2d 1373 (11th Cir.1982).

WHEREFORE, it is

ADJUDGED that defendants' motions to dismiss are GRANTED. This matter is hereby dismissed.[1]

DONE AND ORDERED.

---

1. Defendants William H. Lindsey, Executive Director of the Fort Lauderdale Housing Authority, and Joseph Newman, Project Director of the Fort Lauderdale Housing Authority, were sued in their representative capacities.