**Marvis McDaniel IVEY, Plaintiff,**

v.

**UNITED STATES of America; Department of Housing and Urban Development; Patti Smith, Individually and as an employee of the Department of Housing and Urban Development; Betty Etheridge, Individually and as an employee of the Department of Housing and Urban Development; Melody Ligon, Individually and as an employee of the Department of Housing and Urban Development, Defendants.**

Civ. A. No. 1:93–cv–2273–FMH.

United States District Court,
N.D. Georgia,
Atlanta Division.

Jan. 18, 1995.

Marvis McDaniel Ivey, pro se.

Jane Wilcox Swift, Asst. U.S. Atty., Atlanta, GA, for defendants.

## *ORDER*

HULL, District Judge.

This action is before the Court on (1) Plaintiff's Motion for Final Default Judgment [6–1], (2) Plaintiff's Motion to Strike Defendants' Motion to Extend Time to Answer [7–1], (3) Defendants' Motion to Dismiss [9–1], and (4) Plaintiff's Motion for Summary Judgment [12–1].

### I. *Plaintiff's Motions*

As a preliminary matter, the Court will address Plaintiff's various motions. On April 28, 1994, the Honorable G. Ernest Tidwell, United States District Judge for the Northern District of Georgia, extended the time Defendants had to respond to Plaintiff's Motion through April 26, 1994.[1] *See* April 28, 1994 Order [10–1]. Defendants filed a Motion to Dismiss on April 26, 1994; within the period granted to Defendants by Judge Tidwell. Therefore, Plaintiff's Motion for Final Default Judgment [6–1] based upon a failure of Defendants to respond is not proper and is **DENIED.** Similarly, Plaintiff's Motion to Strike Defendants' Motion to Extend Time to Answer [7–1] is no longer a proper pending motion, and is **DENIED.**

On May 5, 1994, Plaintiff filed a document entitled "Motion for Summary Judgment and

---

1. This action was originally assigned to Judge Tidwell, but was re-assigned to this judge on May 27, 1994.

Plaintiff's Response to Defendants' Motion to Dismiss." *See* docket at [12-1]. Plaintiff has not complied with the requirements for filing a motion for summary judgment under Local Rule 220-5. *See* LR 220-5(b) NDGa. Plaintiff has not filed a statement of material facts to which no genuine issue exists, nor has Plaintiff filed a memorandum of law in support of Plaintiff's Motion for Summary Judgment. *See Id.* Alternatively, even if the Court were to consider Plaintiff's Motion for Summary Judgment, Plaintiff has failed to carry her initial burden as the movant for summary judgment. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604 (11th Cir.1991). Therefore, the Court DENIES Plaintiff's Motion for Summary Judgment [12-1].

## II. *Defendants' Motion to Dismiss*

### A. *Facts*

Although Plaintiff's Complaint is far from clear, Plaintiff seems to allege that she had a home mortgage from Gulf States Mortgage Company that was insured by the United States Department of Housing and Urban Development ("HUD"). Plaintiff apparently sought to have her home mortgage assigned to HUD through the Single Family Home Assignment Program (the "HUD assignment program"). Plaintiff alleges that her application to have her mortgage assigned under the HUD assignment program was denied. It is the denial of her application to the HUD assignment program that forms the basis for Plaintiff's claims. Plaintiff has presumably included Defendants Smith, Etheridge, and Ligon, both in their official and individual capacities, since they are employees of HUD.

In her Complaint, Plaintiff alleges, *inter alia*, that "initial approval was granted" for Plaintiff's eligibility in the HUD assignment program. Plaintiff also alleges that "Defendant Patti Smith, a white female, intervened in the plaintiff's case maliciously forcing incredible requirements, replacing a previously removed borrower and stating no assignment could be granted because of this replaced borrower," and that "Defendant Ligon has cited the matter to be out of her hands as damage has already occurred. Neither did she correct the blatant errors." *See* Complaint [1-1], at ¶ 12, 17. Plaintiff also contends that the Ku Klux Klan was involved in HUD's alleged decision not to assign Plaintiff's home mortgage through the HUD assignment program, as follows:

> Plaintiff has become accustomed to the signals of Ku Klux Klan influence and its sympathizers. It generally is initialed by the substitution of one worker for another who employs various methods of intimidation and dissuasion and other forms of discrimination. The precise occurrence in this case with blacks and other sympathizers strategically placed.

Complaint [1-1], at ¶ 19. Plaintiff seeks recovery under five separate counts.

In Count One, Plaintiff alleges that Defendants are liable under the Federal Tort Claims Act ("FTCA"), for "Plaintiff's loss of the previously approved assignment through the subversive acts of Defendant Smith with subsequent sanction by Defendants Etheridge and Ligon amount to tort in personal injury and personal property." Complaint [1-1], ¶ 23

In Count Two, Plaintiff alleges that "[i]nitial approval was granted by a black caseworker whom the white Defendant Ligon substituted herself and made incredulous requirements upon the Plaintiff. Despite that these requirements were met and only because of the Plaintiff's race, Defendant Smith wrote a false letter of denial claiming 'no information.'" Complaint [1-1], ¶ 26. Plaintiff contends that Defendants alleged activity ("this false denial") violated Plaintiff's civil rights.

In Count Three, Plaintiff alleges a violation of the "Civil Rights Act of 1988, as Amended, Title VIII Fair Housing." Complaint [1-1], ¶ 29. Count Four of Plaintiff's Complaint alleges fraud.

In Count Five, Plaintiff alleges violation of her First Amendment Free Speech rights, as follows: "Defendants have committed these acts intentionally and with knowledge have entered into the conspiracy to retaliate against the Plaintiff because of her race and race related free speech activities." Complaint [1-1], ¶ 33, 34.

### B. *Sovereign Immunity*

■ Plaintiff has named the United States, as well as, HUD, a federal agency, as party defendants. Thus, the Court must examine whether Plaintiff's suit is cognizable in this Court or whether sovereign immunity prevents suit against the Defendants. The United States is immune from suit unless there has been an unequivocal waiver of immunity. *United States v. Nordic Village, Inc.*, 503 U.S. 30, ——, 112 S.Ct. 1011, 1014, 117 L.Ed.2d 181 (1992); *United States v. Sherwood*, 312 U.S. 584, 586, 61 S.Ct. 767, 769, 85 L.Ed. 1058 (1941). Waiver of sovereign immunity is a prerequisite to subject matter jurisdiction. *Sherwood*, 312 U.S. at 586, 61 S.Ct. at 769.

■ In this case, Plaintiff named the United States as well as other party defendants. Nonetheless, Plaintiff's suit is against the United States where a judgment would be paid from the public fisc. "An action is one against the United States as a sovereign where the judgment sought is to be satisfied from monies of the federal Treasury, or where the judgment interferes with public administration, or where the judgment's effect is to compel or restrain the government's actions." *Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1555 (11th Cir.1985); *Lomas & Nettleton Co. v. Pierce*, 636 F.2d 971, 973 (5th Cir.1981). Mindful of the implications of sovereign immunity, the Court will address each count of Plaintiff's Complaint in turn.

### C. *Count I of Plaintiff's Complaint*

■ In Count One, Plaintiff alleges unspecified tort claims under the FTCA against Defendants. The FTCA operates as a limited waiver of the federal government's sovereign immunity for certain common-law torts. *See* 28 U.S.C. § 2671 *et seq.* In a FTCA claim, only the United States is a proper defendant. *Vernell for and on Behalf of Vernell v. United States Postal Service*, 819 F.2d 108, 109 (5th Cir.1987). Therefore, the Court **DISMISSES** all of Plaintiff's claims brought under Count One against all Defendants except for the United States.

■ Defendants also claim that Plaintiff has failed to file an administrative claim with HUD prior to filing her FTCA action. *See* 28 U.S.C. § 2675(a). The filing of an administrative claim with HUD is jurisdictional and cannot be waived. *See Lykins v. Pointer, Inc.*, 725 F.2d 645, 646 (11th Cir.1984). Defendants contend pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(1) that this Court lacks subject matter jurisdiction over Count One of Plaintiff's Complaint. Attacks on subject matter jurisdiction under FRCP 12(b)(1) come in two forms: (1) facial attacks, and (2) factual attacks. Defendants challenge Plaintiff's Complaint on both grounds.

■ Facial attacks on the Complaint "require the court merely to look and seek if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in [Plaintiff's] complaint are taken as true for the purposes of the motion." *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir.1990). Here, Plaintiff has not alleged her compliance with the statutory prerequisite for filing a claim under the FTCA. However, "defective allegations of jurisdiction may be amended." *Lykins*, 725 F.2d at 647. "To satisfy the jurisdictional requirements '[t]here must be proof of timely written notice of the claim to the appropriate agency.'" *Id.* Therefore, if Defendants only challenged the sufficiency of the allegations in Plaintiff's Complaint, the Court would consider permitting Plaintiff to amend her Complaint. *See Lykins*, 725 F.2d at 646. However, allowing such an amendment would be futile because Defendants also make a factual attack on the jurisdictional basis of Plaintiff's action.

■ Factual attacks challenge "the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matter outside the pleadings, such as testimony and affidavits, are considered." *Lawrence*, 919 F.2d at 1529; *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir.), *cert. denied*, 449 U.S. 953, 101 S.Ct. 358, 66 L.Ed.2d 217 (1980). The Eleventh Circuit explains that in a factual attack, the presumptions of truthfulness afforded a plaintiff under FRCP 12(b)(6) do not attach and the

Court is free to weigh the evidence, as follows:

> [in a factual attack upon subject matter jurisdiction] the trial court may proceed as it never could under 12(b)(6) or Fed. R.Civ.P. 56. Because at issue in a factual 12(b)(1) motion is the trial court's jurisdiction—its very power to hear the case—there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. In short, no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims.

*Lawrence,* 919 F.2d at 1529 (quoting *Williamson v. Tucker,* 645 F.2d 404, 412 (5th Cir.), *cert. denied,* 454 U.S. 897, 102 S.Ct. 396, 70 L.Ed.2d 212 (1981)). Despite the ability of the Court to inquire into whether a proper jurisdictional basis exists after a factual attack is made, the Eleventh Circuit also has cautioned that where the factual attack upon jurisdiction implicates an element of the cause of action, then the proper course is to treat the 12(b)(1) Motion, as a Motion to Dismiss made under FRCP 12(b)(6) or a Motion for Summary Judgment under FRCP 56. *See Lawrence v. Dunbar,* 919 F.2d 1525, 1529 (11th Cir.1990) (where jurisdictional attack in FTCA action challenged whether defendant was acting in the course of employment); *Eaton v. Dorchester Development, Inc.,* 692 F.2d 727 (11th Cir.1982) (challenge to whether defendant was acting in course of employment). The rationale for converting a 12(b)(1) Motion into a Motion under FRCP 12(b)(6) or FRCP 56 is that where the factual challenge implicates an element of the cause of action, the challenge is really an indirect attack on the merits. By converting a Motion to Dismiss under FRCP 12(b)(1) into a Motion under FRCP 12(b)(6) or FRCP 56, Plaintiff is protected by the favorable burdens and presumptions accompanying other challenges to the sufficiency of the facts supporting Plaintiff's lawsuit. However, this Court is faced with a different prospect.

■ Defendants' factual attack focuses on whether Plaintiff has complied with the statutory prerequisite of filing an administrative claim prior to instituting a civil action under the FTCA. Defendants' challenge to the jurisdictional basis does not implicate an element of Plaintiff's cause of action, and thus Defendants Motion to Dismiss is not an indirect attack on the merits of Plaintiff's case.[2] The Court will proceed to determine from the record whether it has jurisdiction over the claim in Count One of Plaintiff's Complaint.

■ Defendants present an affidavit from Donnie Murray, Deputy Assistant General Counsel, Atlanta Office, U.S. Department of Housing and Urban Development, attesting that Plaintiff has failed to file a claim with HUD concerning her allegations in Count One. *See* Declaration of Donnie S. Murray, Defendants' Motion to Dismiss [9–1]. Plain-

---

2. In *Lawrence,* the factual attack on jurisdiction challenged whether the defendant government actor was acting in course of his employment; one of the elements of Plaintiff's case. *See Lawrence,* 919 F.2d at 1529–30. In order for a plaintiff to prevail on a claim against the United States under the FTCA, the plaintiff must demonstrate that the tortious actor was acting in the scope of his employment. *Id.* Unless the tortious actor was acting within the scope of his employment as a government employee, the United States cannot be liable. When ruling upon the scope of employment question, the Court is making a factual finding upon one of the elements that Plaintiff must prove at trial in order to prevail on the merits; namely that the defendant was or was not acting in the scope of his employment. Such an indirect attack on the merits is properly recast as a Motion to Dismiss for failure to state a claim or a Motion for Summary Judgment. *Id.* at 1530. The same cannot be said of a factual attack premised upon the failure of a plaintiff to file an administrative claim under the FTCA.

Whether Plaintiff has complied with her obligation to file an administrative claim with HUD is a factual determination completely separate from the elements of a cause of action that Plaintiff must prove at trial. Rather, the requirement that Plaintiff file an administrative claim is a prerequisite every plaintiff must meet in order to proceed against the United States under the FTCA. Bluntly put, the United States has agreed to waive its sovereign immunity for certain common-law torts if, and only if, Plaintiff first files an administrative claim. Absent the filing of such a claim, the United States does not waive its sovereign immunity. Where the United States has a valid defense of sovereign immunity, this Court lacks subject matter jurisdiction over the action.

tiff's only response to Defendants' contention is that " 'presentation of claim to appropriate agency as precondition to action against United States, does not apply where action against individual federal official.' *Turner v. Ralston* 409 F.Supp. 1260 (1976, DCWis)." " *See* Plaintiff's Response to Defendants' Motion to Dismiss [12–1], at 2. Plaintiff's position is inaccurate. The Federal Employees Liability Reform and Tort Compensation Act of 1988, codified at 28 U.S.C. § 2679(b), prohibits common law tort actions against a government employee acting in the scope of his employment. *See* 28 U.S.C. § 2679(b); *United States v. Smith,* 499 U.S. 160, 111 S.Ct. 1180, 113 L.Ed.2d 134 (1991). Before commencing a civil action against the United States under the FTCA, Plaintiff must file an administrative claim with HUD. After consideration of the applicable statutory and case law, and a careful review of the record, the Court finds that Plaintiff has failed to comply with her duty to file an administrative claim with HUD prior to instituting Count One of Plaintiff's Complaint. *See McNeil v. United States,* —— U.S. ——, ——, 113 S.Ct. 1980, 1981, 124 L.Ed.2d 21 (1993).[3] The Court finds that Plaintiff's failure to comply with the administrative procedures of the FTCA means that the United States has not waived its sovereign immunity to Plaintiff's claim contained in Count One of her Complaint. Therefore, this Court lacks subject matter jurisdiction over Plaintiff's Count One, and DISMISSES Count One of Plaintiff's Complaint against the United States.

### D. *Count Four of Plaintiff's Complaint*

In Count Four of her Complaint, Plaintiff alleges that Defendants Smith, Etheridge, and Ligon committed the tort of fraud. As currently styled the Plaintiff has failed to plead a claim of fraud with sufficient particularity. *See* Fed.R.Civ.P. 9(b). Therefore,

the Court **DISMISSES** without prejudice, Count Two of Plaintiff's Complaint. *Summer v. Land & Leisure, Inc.,* 664 F.2d 965, 970 (5th Cir. Unit B 1981) (dismissal for failure to comply with Rule 9(b) with leave to amend complaint), *cert. denied,* 458 U.S. 1106, 102 S.Ct. 3484, 73 L.Ed.2d 1367 (1982).

### E. *Counts Two, Three, and Five of Plaintiff's Complaint*

In Counts Two and Three of her Complaint, Plaintiff alleges unspecified violations of her civil rights. In Count Five of her Complaint, Plaintiff alleges violations to her First Amendment rights. As discussed above, all suits against federal employees in their official capacity are suits against the United States. Therefore, Counts Two, Three, and Five of Plaintiff's Complaint are **DISMISSED** against Defendants Smith, Etheridge, and Ligon, in their official capacities.

 The United States is immune from suit unless it consents to be sued. *United States v. Sherwood,* 312 U.S. 584, 586, 61 S.Ct. 767, 769, 85 L.Ed. 1058 (1941). The United States Constitution does not waive the government's sovereign immunity in a suit for money damages. *United States v. Timmons,* 672 F.2d 1373, 1380 (11th Cir. 1982); *Garcia v. United States,* 666 F.2d 960, 966 (5th Cir. Unit B), *cert. denied,* 459 U.S. 832, 103 S.Ct. 73, 74 L.Ed.2d 72 (1982); *Kunkler v. Fort Lauderdale Housing Authority,* 764 F.Supp. 171, 176 (S.D.Fla.1991); *Manstream v. United States Dept. of Agriculture,* 649 F.Supp. 874, 883 (M.D.Ala.1986). Similarly, none of the Civil Rights Acts, 42 U.S.C. §§ 1981–1988, waives the sovereign immunity of the United States for money damages. *Timmons,* 672 F.2d at 1380; *Unimex, Inc. v. United States Dept. of Housing and Urban Development,* 594 F.2d 1060, 1061

---

**3.** In *McNeil,* the Supreme Court found that "given the clarity of the statutory text, [the FTCA's requirement that a plaintiff file an administrative claim prior to filing suit] is certainly not á 'trap for the unwary.' " *McNeil,* —— U.S. at ——, 113 S.Ct. at 1984. The Court further noted that *pro se* plaintiffs who are not incarcerated do not benefit from the same relaxed pleading standards applicable to *pro se* prisoners, as follows:

[w]hile we have insisted that the pleadings prepared by prisoners who do not have access to counsel be liberally construed, and have held some procedural rules must give way because of the unique circumstances of incarceration, we have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.

*Id.* (citations omitted) (footnotes omitted).

(5th Cir.1979); *accord, Bergman v. United States,* 844 F.2d 353, 355 (6th Cir.1988).

■■■■ Plaintiff also seems to assert jurisdiction for her claims under 28 U.S.C. § 1346(a)(2), the Tucker Act. Section § 1346(a)(2) provides for the waiver of the federal government's sovereign immunity where certain conditions are met, as follows:

The district courts shall have original jurisdiction, concurrent with the United States Court of Federal Claims, of:

. . . .

(2) Any other civil action of claim against the United States, not exceeding $10,000 in amount, founded either upon the Constitution, or any Act of Congress, or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort . . .

28 U.S.C. § 1346(a).[4] Although Section 1346(a)(2) waives the sovereign immunity of the United States, Section 1346(a)(2) "does not create any substantive right enforceable against the United States for money damages." *United States v. Mitchell,* 463 U.S. 206, 216, 103 S.Ct. 2961, 2967, 77 L.Ed.2d 580 (1983); *United States v. Testan,* 424 U.S. 392, 398, 96 S.Ct. 948, 953, 47 L.Ed.2d 114 (1976). Rather, Plaintiff must find the substantive right that forms the basis of her claim in "the Constitution, any Act of Congress, or any regulation of an executive department." *Mitchell,* 463 U.S. at 216, 103 S.Ct. at 2967. Additionally, Plaintiff must demonstrate that the source of the substantive law "can fairly be interpreted as mandating compensation by the Federal Government for the damage sustained." *Mitchell,* 463 U.S. at 217, 103 S.Ct. at 2968; *Testan,* 424 U.S. at 400, 96 S.Ct. at 954; *Sarasota, Florida v. E.P.A.,* 799 F.2d 674, 680 (11th Cir.1986).

Plaintiff's first hurdle is her failure to allege the appropriate jurisdictional amount.

A claim under the Tucker Act is cognizable in the United States district courts only if the amount sought is less than $10,000. 28 U.S.C. § 1346(a)(2). In her Complaint, Plaintiff has not alleged either the appropriate jurisdictional amount or a waiver of any award for over the jurisdictional amount. However, since defective allegations of jurisdiction may be solved through an amended Complaint, *Lykins v. Pointer, Inc.,* 725 F.2d 645 (11th Cir.1984), the Court will proceed, for purposes of this Order, to consider whether Plaintiff has stated a substantive basis for her Tucker Act claims.

■■ Plaintiff does not direct the Court to any authority to support finding that the substantive statutes relied upon by Plaintiff can be fairly interpreted as mandating compensation by the United States for their violation. Upon independent review of these statutes, the Court finds that the statutes cannot be fairly interpreted as mandating compensation by the government for their violation. More specifically, Plaintiff has not directed the Court to any and nor has the Court found any authority for interpreting the First Amendment as mandating compensation from the Federal government. *See Clark v. Library of Congress,* 750 F.2d 89, 103 n. 31 (D.C.Cir.1984) (the First Amendment does not mandate compensation by the federal government). The Court finds that the First Amendment of the United States Constitution does not mandate compensation by the Federal Government for its violation. Therefore, Count Five of Plaintiff's Complaint is **DISMISSED** against the United States.

The Court also finds that 42 U.S.C. § 1981, 42 U.S.C. § 1982 and § 42 U.S.C. § 1985 cannot be fairly interpreted to mandate compensation from the United States for violations of these statutes. Therefore, Count Two is **DISMISSED** against the United States. Based upon the analysis ·above, Count Two and Five of Plaintiff's Complaint

---

**4.** The Tucker Act provides for the waiver of sovereign immunity for certain suits against the United States. *United States v. Mitchell,* 463 U.S. 206, 103 S.Ct. 2961, 77 L.Ed.2d 580 (1983). 28 U.S.C. § 1491, the "Big Tucker Act," grants jurisdiction in the United States Court of Federal Claims, while 28 U.S.C. § 1346(a)(2), the "Little Tucker Act," provides concurrent jurisdiction in the United States district courts over claims not exceeding $10,000. *See Licata v. United States Postal Service,* 33 F.3d 259 (3d Cir.1994).

are **DISMISSED** against HUD. There is no authority for Plaintiff to sue HUD directly on any violations of the Constitution or the Civil Rights Acts cited by Plaintiff.

■ Additionally, the Court finds that the Fair Housing Act provisions referenced by Plaintiff do not support Plaintiff's claim under the Tucker Act. The only provision of 42 U.S.C. § 3601 *et seq.* that is even arguably applicable to Plaintiff's allegations is 42 U.S.C. § 3605. However, by its very terms, Section 3605 only applies to "any bank, building and loan association, insurance company or other corporation, association, firm or enterprise whose business consists in whole of in part in the making of commercial real estate loans,...." 42 U.S.C. § 3605. Plaintiff has not directed the Court to any authority, and the Court has not found any authority to support a finding that HUD's Single Family Home Assignment Program falls within the provisions of Section 3605. Since the Court finds that HUD does not fall within the provisions of Section 3605, the Fair Housing Act cannot provide the substantive legal basis for Plaintiff's claims under the Tucker Act, as presently alleged in Plaintiff's Complaint. Therefore, Count Three is **DISMISSED** against the United States and HUD.[5]

### F. *Defendants Smith, Etheridge, and Ligon in their Individual Capacities*

■ Plaintiff also contends that she is suing Defendants Smith, Etheridge, and Ligon in their Individual Capacities (the "Individual Defendants"). Plaintiff presumably is alleging that the Individual Defendants are liable for violations of the United States Constitution under the theory of liability enunciated in *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). It also appears, in Count Five, that Plaintiff may be alleging a conspiracy count under 42 U.S.C. § 1985 against the Individual Defendants. In Count Two, Plaintiff alleges that Defendants violated her civil rights. However, Plaintiff's allegations do not state a claim under *Bivens,* Section 1985, or under any civil rights statute. Quite simply, Plaintiff's allegations wander from vague and conclusory references about a conspiracy involving Defendants to incoherent ramblings on the Ku Klux Klan and an unnamed local school system. Even liberally construed, Plaintiff's Complaint, at its best, alleges a factually unsubstantiated conclusion that Defendants are· associated with the Ku Klux Klan and have conspired to violate and have violated, in some unstated manner, Plaintiff's First Amendment rights, and Plaintiff's civil rights.

"In civil rights and conspiracy actions, courts have recognized that more than mere conclusory notice pleading required. In civil rights actions, it has been held that a complaint will be dismissed as insufficient where the allegations it contains are vague and conclusory." *Fullman v. Graddick,* 739 F.2d 553, 556 (11th Cir.1984); *Burnett v. Short,* 441 F.2d 405 (5th Cir.1971); *Manstream v. United States Dept. of Agriculture,* 649 F.Supp. 874, 883 (M.D.Ala.1986). As the Eleventh Circuit recently reminded the district courts of this Circuit, "in an effort to eliminate non-meritorious claims on the pleadings and to protect public officials from protracted litigation involving specious claims, we, and other courts, have tightened the application of Rule 8 to § 1983 [and *Bivens* ] cases." *Oladeinde v. City of Birmingham,* 963 F.2d 1481, 1485 (11th Cir. 1992), *cert. denied,* — U.S. ——, 113 S.Ct. 1586, 123 L.Ed.2d 153 (1993).

"At this early stage in the proceedings, the Rule 12(b)(6) defense and the qualified-immunity defense become intertwined." *Oladeinde,* 963 F.2d at 1485. "Under the qualified-immunity defense, defendants are immune from liability and even from trial if plaintiffs' complaint fails to state a violation of clearly established statutory or constitutional rights of which a reasonable person would have known." *Id.* Before the Court can determine whether qualified-immunity

---

**5.** Plaintiff's claimed wrong is best brought under the judicial review provisions of the Administrative Procedure Act ("APA"). 5 U.S.C. 701 *et seq.* However, since Plaintiff seeks money damages, Plaintiff is barred from proceeding under the APA. Only claims "seeking relief other than money damages" are cognizable under the APA. 5 U.S.C. § 702.

applies, the Court must be able to determine "whether the plaintiff has asserted a violation of a constitutional right at all." *See Siegert v. Gilley,* 500 U.S. 226, 232, 111 S.Ct. 1789, 1793, 114 L.Ed.2d 277 (1991); *Oladeinde,* 963 F.2d at 1485. Here, Plaintiff has not alleged sufficient facts to determine how, much less whether, Defendants violated her First Amendment rights. Plaintiff's Complaint does not contain the necessary facts to determine what First Amendment rights Plaintiff alleges have been violated, or whether Plaintiff's allegations are based upon violations of clearly established law.[6] Therefore, Count Five of Plaintiff's Complaint alleging violations of the First Amendment is **DISMISSED** against Defendants Smith, Etheridge, and Ligon in their individual capacities. Similarly, Plaintiff's conclusory allegations do not support a claim of conspiracy. *Phillips v. Mashburn,* 746 F.2d 782, 785 (1984); *Abernathy v. City of Cartersville, Georgia,* 642 F.Supp. 529, 531 (N.D.Ga.1986). Therefore, to the extent Count Five of Plaintiff's Complaint alleges a conspiracy to violate Plaintiff's civil rights in violation of 42 U.S.C. § 1985, the Court **DISMISSES** Plaintiff's claims against Defendants Smith, Etheridge, and Ligon, in their individual capacities. Nor does Plaintiff explain which of her civil rights were violated or how these civil rights were violated. Based upon the above analysis, the Court also **DISMISSES** Count Two of Plaintiff's Complaint against Defendants Smith, Etheridge, and Ligon, in their individual capacities.

## G. *Whether Plaintiff Has Stated A Due Process Claim*

 In her Complaint, Plaintiff does not mention the Fifth Amendment of the United States Constitution, however, Defendants have recognized that a very liberal construction of Plaintiff's Complaint may implicate procedural due process rights. The Court has reviewed Plaintiff's Complaint, and finds that, even if Plaintiff's Complaint is read to allege a Due Process Clause violation, Plain-

tiff has failed to state a claim upon which relief can be granted. As the Supreme Court has explained in the context of procedural due process, "the deprivation by state action of a constitutionally protected interest in 'life, liberty, or property' is not in itself unconstitutional; what is unconstitutional is the deprivation of such an interest *without due process of law.*" *Zinermon v. Burch,* 494 U.S. 113, 125, 110 S.Ct. 975, 983, 108 L.Ed.2d 100 (1990) (citations omitted). Here, Plaintiff seems to allege that an action by HUD and its employees deprived her of property, i.e. the failure of HUD to accept assignment of Plaintiff's mortgage resulted in the loss of her home, presumably due to foreclosure. However, Plaintiff has a remedy for an allegedly adverse agency decision. "A person suffering legal wrong because of agency action ... is entitled to judicial review thereof." 5 U.S.C. § 702. A court may "hold unlawful and set aside action, findings, and conclusions" where those agency actions, findings or conclusions are "contrary to constitutional right, power, privilege, or immunity." 5 U.S.C. § 706(2)(B). Plaintiff has not alleged that any government action prevents her from pursuing a claim under the procedures available for the judicial review of HUD's decisions concerning its assignment program. *See* 5 U.S.C. § 701 *et seq.* Therefore, the Court finds that Plaintiff did not state a claim for violation of her due process rights under the Fifth Amendment.[7]

## III. *CONCLUSION*

Plaintiff's Motion for Final Default Judgment [6–1] is **DENIED.** Plaintiff's Motion to Strike Defendants' Motion to Extend Time to Answer [7–1] is **DENIED.** Defendants' Motion to Dismiss [9–1] is **GRANTED.** All of Plaintiff's Claims against Defendants United States of America, HUD, Smith, in her individual and official capacity, Etheridge, in her individual and official capacity, and Ligon, in her individual and official capacity, are **DIS-**

---

**6.** Additionally, Plaintiff fails to allege sufficient facts to determine how each individual Defendant is personally liable for a constitutional violation.

**7.** In her Complaint, Plaintiff also makes reference to the Fourteenth Amendment. However, since Plaintiff has not named any state defendants the Court finds that any Fourteenth Amendment claim of Plaintiff's is not applicable here.

MISSED. Plaintiff's Motion for Summary Judgment [12–1] is **DENIED.**

**SO ORDERED.**