**Denise S. HULSEY and Wendy R. Waters, Plaintiffs,**

v.

**Robert M. GUNN; RMG Corp.; and Melting Pot Restaurants, Inc., Defendants.**

Civ. A. No. 1:95–cv–403–FMH.

United States District Court, N.D. Georgia, Atlanta Division.

Oct. 24, 1995.

Kelly Jean Beard, Marietta, GA, for Plaintiffs.

Gene E. Massafra, Decatur, GA, for Defendants.

### *ORDER*

HULL, District Judge.

This Title VII action[1] is before the Court on the Magistrate Judge's Report and Rec-

---

1. The Magistrate Judge's Report and Recommendation suggests that Plaintiffs alleged two state law claims: one for negligent retention and one for intentional infliction of emotional distress.

ommendation [12–1], in which the Magistrate Judge recommends granting Defendants Robert Gunn and RMG Corporation's Motion to Dismiss [4–1] and Defendant Melting Pot Restaurants, Inc.'s Motion to Dismiss [5–1].

## I. DEFENDANT GUNN IS DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION

Plaintiff does not object to the Magistrate Judge's recommendation that Defendant Gunn be dismissed for lack of subject matter jurisdiction, and neither party objects to the Magistrate Judge's recommendation that Defendants' Motion to Dismiss for improper service be denied. Having reviewed the Magistrate Judge's Report and Recommendation regarding the dismissal of Defendant Gunn and Defendants' Motion to Dismiss for improper service, the Court adopts those portions of the Magistrate Judge's Report and Recommendation as its own order. The Court dismisses Defendant Gunn from this suit and denies Defendants' Motions to Dismiss for improper service. The Court now addresses Plaintiffs' objections to the remaining portions of the Report and Recommendation.

## II. THE COURT LACKS SUBJECT MATTER JURISDICTION OVER THE REMAINDER OF PLAINTIFFS' CLAIMS

The Magistrate Judge also recommends dismissing Defendants Melting Pot Restaurant ("MPRI") and RMG Corporation for lack of subject matter jurisdiction. Plaintiffs object to the Magistrate Judge's recommendation. Central to Plaintiffs' objection is a concern that the Magistrate Judge weighed the evidence before him and ignored Plaintiffs' evidence on subject matter jurisdiction. After a de novo consideration of the record, the Court finds that the Magistrate Judge's findings of fact and recommendations are correct. Therefore, the Court adopts the Magistrate Judge's findings of fact and recommendations, and the Court grants Defendants' respective motions. Nonetheless, al-

though the Court agrees with the Magistrate Judge's findings of fact and reasoning, the Court writes separately to make clear the legal reasons for dismissing Defendants for lack of subject matter jurisdiction.

## A. DEFENDANTS' MOTION TO DISMISS UNDER RULE 12(B)(1)

On April 4, 1995, all Defendants filed Motions to Dismiss, contending, *inter alia,* that this Court lacks subject matter jurisdiction over Plaintiffs' claims. Specifically, Defendants argue that none of the Defendants is an employer within the meaning of Title VII. As an additional ground, Defendant MPRI claims the Court lacks subject matter jurisdiction because it was not named in the original Equal Employment Opportunity Commission ("EEOC") complaint. As part of their Motions to Dismiss, Defendants submitted affidavits and other documents to support Defendants' position that Defendants are not employers, as defined in Title VII. In response, Plaintiffs also submitted evidence regarding Defendants' roles as employers.

After Plaintiffs filed these documents and their brief in opposition to Defendants' Motions to Dismiss, the Magistrate Judge converted Defendants' Motions into motions for summary judgment and provided Plaintiff twenty more days to file further responses and evidence regarding whether the Court had subject matter jurisdiction over Plaintiffs' claims. Plaintiffs responded by submitting additional affidavits and evidence to oppose Defendants' Motions. Defendants objected to the Magistrate Judge's conversion of their Motions into motions for summary judgment under FRCP 56, arguing that the Court should determine subject matter jurisdiction under FRCP 12(b)(1). In contrast, Plaintiffs did not oppose the Magistrate Judge's conversion of Defendants' Motions to Dismiss into motions for summary judgment. Nor did Plaintiffs request additional time to present evidence. Instead, Plaintiffs submitted several affidavits and other evidence.

---

This Court has reviewed Plaintiffs' Complaint and finds that Plaintiffs did not plead any state law claims. The only claims pleaded by Plain-

tiffs are based upon violations of Title VII, 42 U.S.C. § 2000e and amendments.

The Court first discusses the correct procedure for addressing challenges to the Court's subject matter jurisdiction.

■■■ A pre-answer motion challenging the Court's subject matter jurisdiction is properly considered under FRCP 12(b)(1). Attacks on subject matter jurisdiction under FRCP 12(b)(1) come in two forms: (1) facial attacks,[2] and (2) factual attacks. *Ivey v. United States*, 873 F.Supp. 663, 667 (N.D.Ga. 1995). From the outset, Defendants have attacked the factual existence of the Court's subject matter jurisdiction.

■■■ Factual attacks challenge "the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered." *Lawrence*, 919 F.2d at 1529 (internal quotation omitted); *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir.), *cert. denied*, 449 U.S. 953, 101 S.Ct. 358, 66 L.Ed.2d 217 (1980); *Ivey*, 873 F.Supp. at 667. The Eleventh Circuit explains that in a factual attack the presumptions of truthfulness afforded a plaintiff under FRCP 12(b)(6) do not attach, and the Court is free to weigh the evidence, as follows:

> [in a factual attack upon subject matter jurisdiction] the trial court may proceed as it never could under 12(b)(6) or Fed. R.Civ.P. 56. Because at issue in a factual 12(b)(1) motion is the trial court's jurisdiction—its very power to hear the case— there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. In short, no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims.

*Lawrence*, 919 F.2d at 1529 (quoting *Williamson v. Tucker*, 645 F.2d 404, 412 (5th Cir.), *cert. denied*, 454 U.S. 897, 102 S.Ct. 396, 70 L.Ed.2d 212 (1981)); *Ivey*, 873 F.Supp. at 668. Where the factual attack

upon jurisdiction implicates an element of the cause of action, however, then the proper course is to treat the 12(b)(1) motion as a motion to dismiss made under FRCP 12(b)(6) or a motion for summary judgment under FRCP 56. *See Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir.1990) (where jurisdictional attack in FTCA action challenged whether defendant was acting course of employment); *Eaton v. Dorchester Development, Inc.*, 692 F.2d 727 (11th Cir.1982) (challenge to whether defendant was acting in course of employment). When the factual challenge implicates an element of the cause of action, the rationale for converting a 12(b)(1) motion into a motion under FRCP 12(b)(6) or FRCP 56 is that the challenge is really an indirect attack on the merits. By converting a motion to dismiss under FRCP 12(b)(1) into a motion under FRCP 12(b)(6) or FRCP 56, Plaintiff is protected by the favorable burdens and presumptions accompanying other challenges to the sufficiency of the facts supporting Plaintiff's lawsuit, and the moving party cannot attack the merits while making an end-run around these procedural protections. Here, however, Defendants' status as "employers" does not implicate an element of the Title VII cause of action. The Court explains why.

■■■ Defendants contend that they are not employers within the meaning of Title VII. *See* 42 U.S.C. § 2000e(b). Whether Defendants are "employers" within the definition of Title VII is a "jurisdictional prerequisite to the maintenance of a Title VII action." *Harris v. Palmetto Tile, Inc.*, 835 F.Supp. 263, 266 (D.S.C.1993); *see also Virgo v. Riviera Beach Associates, Ltd.*, 30 F.3d 1350, 1359 (11th Cir.1994) (whether defendant is employer is threshold jurisdictional issue); *Norman v. Levy*, 756 F.Supp. 1060, 1062 (N.D.Ill.1990) (same). Unless, Defendants are employers "who [have] 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year," Title VII is inapplicable, and this Court lacks subject matter

---

**2.** Facial attacks on the Complaint "require the court merely to look and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in [Plaintiff's] complaint are taken as true for the purposes of the motion." *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir.1990).

jurisdiction over Plaintiffs' claims. *See* 42 U.S.C. § 2000e(b); *Harris,* 835 F.Supp. at 266. Whether Defendants are employers under Title VII does not "implicate an element of the cause of action." *Harris,* 835 F.Supp. at 266; *see also Virgo,* 30 F.3d at 1359; *Norman,* 756 F.Supp. at 1062. Rather, whether Defendants are employers addresses whether Title VII even applies. Thus, Defendants' Motions to Dismiss for lack of subject matter jurisdiction are properly considered under FRCP 12(b)(1). When faced with factual disputes regarding subject matter jurisdiction, the Court serves as the factfinder and may weigh the evidence, provided the challenge to subject matter jurisdiction does not implicate an element of the cause of action. Because subject matter jurisdiction goes to the power of the Court to hear the case, factual issues regarding subject matter jurisdiction are not resolved by a jury. Instead, that responsibility is for the Court.

■ Because Defendants' Motions to Dismiss attack the factual existence of the Court's subject matter jurisdiction, the appropriate inquiry here is whether Plaintiff had an opportunity to present evidence establishing subject matter jurisdiction. Plaintiffs had that opportunity. As discussed earlier, Defendants filed their Motions to Dismiss, and, in response, Plaintiffs presented several affidavits and other evidence to support their position that the Court has subject matter jurisdiction over Plaintiffs' claims. Further, Plaintiffs never objected to the time set by the Magistrate Judge for submitting any additional evidence, Plaintiff never requested additional time to present evidence, and, indeed, Plaintiff submitted additional evidence in that time frame. Therefore, the Magistrate Judge correctly considered all of the evidence in the record and properly made findings of fact on subject matter jurisdiction. After *de novo* review, this Court adopts all of the Magistrate Judge's findings of fact in his Report and Recommendation.

■ Among those findings in his Report and Recommendation, the Magistrate Judge found that Defendant MPRI and Defendant RMG are not joint employers. After consideration of the Magistrate Judge's findings and considering independently whether De-

fendants MPRI and RMG are joint employers, the Court finds that the Magistrate Judge's findings of fact are correct: the evidence in the record does not support that Defendants MPRI and RMG are a single employer. *See McKenzie v. Davenport–Harris Funeral Home,* 834 F.2d 930, 933 (11th Cir.1987) (explaining the relevant factors to consider for determining whether two entities are a single employer for purpose of Title VII). Nor does the evidence show that Defendants MPRI and RMG are joint employers. *See Virgo v. Riviera Beach Associates, Ltd.,* 30 F.3d 1350, 1359–61 (11th Cir. 1994) (explaining the concept of joint-employers under Title VII). The Court also agrees with the Magistrate Judge's reliance on *Richardson v. Bedford Place Housing Phase I Assocs.,* 855 F.Supp. 366 (N.D.Ga.1994), as well as the Magistrate Judge's factual findings that the record demonstrates that Defendants did not employ fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year. *Accord E.E.O.C. v. Metropolitan Educational Enterprises, Inc.,* 60 F.3d 1225, 1227, 1229 n. 6, 1230 (7th Cir.1995) (recognizing *Richardson* as consistent with the Seventh Circuit's view that Title VII employer must have fifteen or more employers working every day for twenty weeks).

■ Finally, the Court concurs with the Magistrate Judge's finding that Defendant MPRI is not a proper party because it was not named in the EEOC complaint filed by Plaintiffs. Plaintiffs have shown no reason why Defendant MPRI is a proper party in this civil litigation or should be treated as a proper party. *See Virgo v. Riviera Beach Associates, Ltd.,* 30 F.3d 1350, 1358–59 (11th Cir.1994) ("[o]rdinarily, a party not named in the EEOC charge cannot be sued in a subsequent civil action.").

In sum, the Court finds that Defendants' Motions to Dismiss for lack of subject matter jurisdiction are properly reviewed under FRCP 12(b)(1). Plaintiffs' complaint that the Magistrate Judge improperly weighed the evidence is to no avail when determining subject matter jurisdiction under Rule 12(b)(1). The Court may weigh the evidence

in the record. Having considered the record, the Court finds that the Court lacks subject matter jurisdiction over Plaintiffs' claims against Defendant RMG because it is not an employer under Title VII, and the Court lacks subject matter jurisdiction over Plaintiffs' claims against Defendant MPRI because it is not an employer under Title VII and because it was not named in the EEOC charge. The Court emphasizes that in reaching its conclusion the Court evaluated the affidavits submitted by Plaintiff as to personal knowledge, but did not consider any of Defendants' allegations that the affiants are under criminal indictment.

Additionally, the Court notes that even if Defendants' Motions are evaluated under FRCP 56, there is no admissible evidence showing that Defendants MPRI and RMG are joint employers or a single employer for purposes of Title VII. Nor is there any evidence that raises a genuine issue over whether Defendants are employers under the definition of Title VII. All of the evidence in the record demonstrates that they are not. Thus, even if this Court were to follow the Magistrate Judge's lead and consider Defendants' Motions under FRCP 56, the Court finds that entry of summary judgment in favor of Defendants is proper. However, because the Court concludes that Defendants' Motions are properly resolved under FRCP 12(b)(1) without reaching FRCP 56, the Court dismisses Plaintiffs' claims instead of entering summary judgment.

### B. *PLAINTIFFS WERE NOT DENIED THE OPPORTUNITY FOR DISCOVERY*

■ Plaintiffs also complain that Plaintiffs were denied the ability to develop a factual record demonstrating that the Court has subject matter jurisdiction because the Magistrate Judge conducted an evidentiary review of the record before Defendants answered and before discovery began. Plaintiffs' complaint is ill-founded.

First, Plaintiffs did not question their access to discovery until after the Magistrate Judge recommended a ruling adverse to Plaintiffs. Second, Plaintiffs presented evidence to support their belief that the Court

has subject matter jurisdiction in their initial response to Defendants' Motions to Dismiss, as well as later when Plaintiffs filed a response to the converted motions for summary judgment. Specifically, Plaintiffs submitted both affidavits and other documents that Plaintiffs contend showed that the Court has subject matter jurisdiction.

Third, the record does not reveal, and Plaintiffs do not suggest, that Plaintiffs ever attempted to serve any pre-answer discovery upon Defendants or that Plaintiffs sought leave of the Magistrate Judge to conduct any pre-answer discovery on the issue of subject matter jurisdiction. When faced with a factual attack on the subject matter jurisdiction of their claims, Plaintiffs cannot sit back and argue that they did not have the opportunity to discover sufficient evidence to rebut Defendants' attack on the Court's subject matter jurisdiction. Rather, Plaintiffs should seek consent of the opposing party or, if that is not forthcoming, seek leave of Court to conduct pre-answer discovery on the issue that is before the Court. *See* Fed.R.Civ.P. 30, 31, 33. Here, Plaintiffs did neither, and, thus, Plaintiffs cannot now complain that they were deprived of an opportunity to demonstrate the existence of subject matter jurisdiction. Plaintiffs were given time to submit evidence, and, in fact, Plaintiffs submitted evidence on two separate occasions to support their position that the Court has subject matter jurisdiction.

After consideration of the record and based upon the above discussion, the Court adopts the Magistrate Judge's Report and Recommendation, but has considered this matter under Federal Rule of Civil Procedure 12(b)(1). The Court finds that neither Defendant is an employer within the meaning of Title VII. Because Title VII does not apply, this Court lacks subject matter jurisdiction over Plaintiffs' claims and dismisses this action. Defendant RMG's Motion to Dismiss is granted. Defendant MPRI's Motion to Dismiss is granted.

### III. *CONCLUSION*

The Magistrate Judge's Report and Recommendation [12–1] is **ADOPTED** as the order of this Court, subject to the modifica-

 

tions described in the above text. Defendants Robert Gunn and RMG Corporation's Motion to Dismiss [4–1] is **GRANTED**. Defendant Melting Pot Restaurants, Inc.'s Motion to Dismiss [5–1] is **GRANTED**. The Court dismisses Plaintiffs' Complaint against Defendants Robert Gunn, RMG Corporation, and Melting Pot Restaurants, Inc.

**SO ORDERED.**